**E.B. SMITH COMPANY, Appellant,**

v.

**UNITED STATES FIDELITY &
GUARANTY COMPANY,
Appellee.**

No. 13–91–651–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 18, 1993.

Rehearing Overruled April 1, 1993.

B. Mills Latham, Pruett Moore, III, Law Offices of B. Mills Latham, Corpus Christi, for appellant.

C.G. House, Laura A. Richmond, House & House, W. Wendell Hall, Fulbright & Jaworski, San Antonio, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

OPINION

GILBERTO HINOJOSA, Justice.

E.B. Smith Co. (Smith) appeals from a summary judgment granted in favor of United States Fidelity & Guaranty Company (USF & G). By two points of error, Smith asserts that the trial court erred by granting the summary judgment because, based upon the evidence presented to the trial court, genuine issues of material fact exist. Before addressing Smith's points of error, we must determine whether Smith's response and summary judgment evidence from unfiled depositions were before the trial court at the time it rendered summary judgment. We reverse the trial court's judgment.

This suit arises from USF & G's denial of Smith's claim under a USF & G comprehensive general liability policy. USF & G filed a motion for summary judgment contending that as a matter of law Smith had no cause of action against USF & G due to its failure to comply with the notice terms and conditions of the liability policy. USF & G asserted that giving notice to the insurance company based upon the terms of the liability policy was a condition precedent to any USF & G liability. USF & G contended that Smith failed to give proper notice of a lawsuit against Smith filed by Mary Claire Dettman.

On appeal, USF & G objects to appellant's points of error. By its objection, USF & G argues that we cannot consider Smith's appellate points because its response to USF & G's motion for summary judgment was not timely filed and was therefore not before the trial court at the time of the hearing.

Smith asserts that its response to USF & G's summary judgment motion was timely based upon Texas Rule of Civil Procedure 5 which provides:

[a]ny document sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed

and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. A legible postmark affixed by the United States Postal Service shall be prima facie evidence of the date of mailing.

The comment to Rule 5 states that the purpose of the 1990 amendment to this rule was to make the last date for mailing under Rule 5 coincide with the last date for filing.

Texas Rule of Civil Procedure 166a(c) provides in pertinent part: "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."

The transcript reflects that Smith mailed its response and A Statement of Intent on August 5, 1991. The summary judgment hearing was scheduled for August 12, 1991. Therefore, following Rule 5 and Rule 166a(c), appellant's response was timely filed because the seventh day was August 11, 1991, the day before the summary judgment hearing. *Cf. Atchley v. NCNB Texas Nat'l Bank*, 795 S.W.2d 336, 337 (Tex.App.—Beaumont 1990, writ denied) (response filed March 31, 1989; summary judgment hearing April 6, 1989; response not timely filed). Appellee's objection is overruled.

■ USF & G argues that the three depositions, upon which Smith relies, are in the transcript on appeal but were not before the trial court at the time it granted summary judgment. Thus, posits USF & G, the summary judgment was proper because Smith presented no controverting evidence to raise a fact issue. Smith asserts that it complied with Texas Rule of Civil Procedure 166a(d), and thus, did what was necessary when utilizing unfiled discovery documents in summary judgment practice.

In an attempt to clarify the use of unfiled discovery documents in summary judgment practice, the Supreme Court of Texas amended Rule 166a in 1990 to include section (d) which provides in pertinent part:

discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or *a notice containing specific references to the discovery or specific references to other instruments*, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs ... at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

Tex.R.Civ.P. 166a(d) (emphasis ours). The comment to Rule 166a addresses the 1990 amendment and states that the amendment provides a mechanism for using unfiled discovery in summary judgment practice. The comment continues stating that "such proofs must be filed in advance of the hearing in accordance with Rule 166a."

When interpreting section (d), the question remains whether a party may express its intent to use specified discovery without attaching the document or portions of the unfiled document to an affidavit, motion for summary judgment, or response to the motion for summary judgment. This procedural question has not been addressed by the Texas courts.

By its response to USF & G's motion for summary judgment, Smith referred to depositions by Lou Wells, Richard Hatch, Jr., and Barry Wallace as containing "a substantial body of evidence which clearly demonstrates that [Smith] complied with the terms and provisions of the policy in question as far as notice of the Mary Claire Dettman lawsuit is concerned." Additionally, by its response, Smith stated that "if such testimony does not conclusively prove that notice was proper and timely in light of the nature of the lawsuit and complaints being made in such suit, then such evidence clearly raises an issue of fact." At the same time Smith filed its response to USF & G's motion for summary judgment, it filed a Statement of Intent. By the statement, Smith declared that it specifically intended to use as summary judgment evidence pages 5 to 29 of Hatch's deposition,

and all of Wells's and Wallace's depositions.

While Rule 166a(d) now permits the use of a notice and statement of intent referring to unfiled discovery documents in summary judgment practice, we conclude that in this case, Smith's references to names, citation to pages in unfiled depositions, and broad statements was not sufficient to constitute "a notice containing specific references" as required by 166a(d).

■ Before the amendment including 166a(d), if a deposition was not filed independently with the court, the portion of the deposition a party relied upon as summary judgment proof had to be offered and properly authenticated as any other summary judgment evidence. *See Deerfield Land Joint Venture v. Southern Union Realty Co.,* 758 S.W.2d 608, 610 (Tex.App.—Dallas 1988, no writ) (recommended procedure for submitting unfiled deposition excerpts).

We recognize the rule's intent to allow a notice with "specific references" to be used by a party rather than requiring the party to have on file with the court a complete deposition or other discovery document. We interpret the term "specific references" to mean that the party relying on unfiled discovery, by its notice and statement of intent, must show the court language from an unfiled deposition or other unfiled discovery document before the court rules on the summary judgment motion. For a party to do anything less would require a trial judge to request particular unfiled discovery items before ruling on a summary judgment motion. We do not believe the intent in amending Rule 166a was to place this burden upon the trial judge after a party files a statement of intent. It is incumbent upon the party relying on unfiled summary judgment evidence to show by a record that the substance of unfiled discovery evidence was presented to the trial court before it ruled on a motion for summary judgment.

On appeal, we consider only the evidence before the trial court at the time of the summary judgment hearing. *Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ). The burden is on appellant to present a sufficient appellate record to show error requiring reversal. Tex.R.App. P. 50(d).

In this case, based on the appellate transcript, at the time of the summary judgment hearing, Smith's evidence presented to the trial court before it rendered summary judgment consisted of a Statement of Intent containing only names, citations to depositions, and broad statements. Without a showing by Smith that the trial court had available for its review language from the unfiled depositions, our review is limited to what the transcript shows was before the trial court at the time it rendered summary judgment. Thus, we cannot consider the depositions of Wells, Wallace, and Hatch because proof contained in them was not properly before the court at the time it rendered summary judgment. Without these depositions, or a notice with specific references showing language from them, Smith has presented no controverting summary judgment evidence.

The rules to be followed by an appellate court in reviewing a summary judgment record are set forth in *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985). The burden is on the movant to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Id.* Evidence favorable to the nonmovant will be taken as true and every reasonable inference must be indulged in favor of the nonmovant and doubts resolved in its favor. *Id.*

USF & G contends that it is entitled to summary judgment as a matter of law because (1) it offered competent evidence that Smith delayed for twenty-two months in giving notice of a suit pending against it, (2) USF & G was entitled to notice within a reasonable time under the policy and twenty-two months is unreasonable as a matter of law, and alternatively, (3) Smith's failure to give reasonable notice is an absolute defense to USF & G's liability under the policy, which entitles USF & G to summary judgment as a matter of law.

Under the terms of the insurance policy, Smith was required to give notice of claims to USF & G "as soon as practicable" rather

than within a certain number of days. Thus, USF & G, in order to prevail on summary judgment, must show that as a matter of law Smith's notice was not given as soon as practicable.

J. Earl Spencer's affidavit is attached to USF & G's motion as summary judgment evidence. By affidavit, Spencer stated that he was employed by USF & G as a claims adjuster responsible for handling tort claims and bond losses. Attached as Exhibit A to USF & G's summary judgment motion is a letter to Lou Wells at Shelton Insurance from E.B. Smith dated January 12, 1988. Spencer stated by affidavit that this was the first notice USF & G received about the Dettman lawsuit. In Smith's letter the following two paragraphs appear:

As per our telephone conversation, I have attached a copy of [a] pending lawsuit that E.B. SMITH COMPANY has been named in. I am also attaching a copy of our Insurance Policies including our Umbrella coverage. Until now I did not see the need to involve the Insurance Company. However, it now seems imminent that they will be involved.

Your knowledge of the lawsuit at its conception involving Haley Corporation and Mid–Continent Casualty Company will be helpful. . . .

Attached as Exhibit B to USF & G's summary judgment motion is a letter dated January 15, 1988, from Shelton Insurance to USF & G's San Antonio office. By the letter, Shelton was informing USF & G that it had received information that the Dettman lawsuit had been settled and Smith's portion was $11,500. Attached as Exhibit C to USF & G's summary judgment motion is a true and correct copy of Smith's citation showing that he was served with process in the Dettman lawsuit on or about March 18, 1986. USF & G contends that based upon these letters and Smith's citation, it is undisputed that USF & G did not receive written notice of the Dettman suit until January 12, 1988, twenty-two months after Smith was served with process.

■ The provision of Smith's policy requiring that notice of an occurrence be given the insurer as soon as practicable is a condition precedent to liability. *Dairyland*

*County Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 157 (Tex.1973). In the absence of waiver or other special circumstances, failure to perform the condition constitutes an absolute defense to liability on the policy. *Id.*

"As soon as practicable" means notice within a reasonable time, which is determined by the facts and circumstances in each particular case. *Id.; Stonewall Ins. v. Modern Exploration*, 757 S.W.2d 432, 435 (Tex.App.—Dallas 1988, no writ); *Broussard v. Lumbermans Mut. Casualty Co.*, 582 S.W.2d 261, 262–63 (Tex.Civ. App.—Beaumont 1979, no writ) (citing *Insurance Co. of N. Am. v. Asarco, Inc.*, 562 S.W.2d 557 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.)). Generally, when facts are not in dispute about whether notice was given "as soon as practicable," the question becomes one of law for determination by the court. *Broussard*, 582 S.W.2d at 262.

■ Based upon the uncontroverted evidence presented, we conclude that USF & G has not carried its burden and shown as a matter of law that it is entitled to summary judgment. Smith received service of process twenty-two months before giving written notice to USF & G that it was being sued by Dettman. While twenty-two months may appear to be late notice, this determination must be made based upon the facts of this case. In the summary judgment evidence before the trial court, there are no pleadings from the Dettman lawsuit showing when or for what Smith was sued nor any evidence of settlement. Although in Shelton's letter to USF & G's San Antonio office it appears that the lawsuit by Dettman against Smith has been settled, there is no other summary judgment proof of an actual settlement of the Dettman lawsuit. We cannot determine whether Smith's notice was late based upon the summary judgment evidence presented.

The summary judgment was improper, we reverse and remand for further proceedings.