**Richard Louis SALMON, Appellant,**

v.

**Christine Cooke MILLER, Prentiss Hay, A.C. Dickerson, and the City of Waskom, Texas, Appellees.**

No. 06–97–00044–CV.

Court of Appeals of Texas, Texarkana.

Argued Oct. 21, 1997.

Decided Nov. 7, 1997.

Richard L. Salmon, Bossier, for appellant.

Deborah O. Evans, Michael E. Starr, Potter, Minton, Roberts, Davis, Jones, Tyler, for appellee.

Before GRANT, ROSS and T.C. CHADICK (Supreme Court of Texas, Retired, Sitting by Assignment), JJ.

## OPINION

ROSS, Justice.

This is an appeal from a summary judgment granted in a wrongful discharge action.

The appellant, Richard Louis Salmon, brings two points of error. First, Salmon contends that the trial court erred in finding that he lacked standing to sue because his term as municipal judge had expired. Second, Salmon asserts that the trial court erred in finding that he was an employee at will and therefore precluded from claiming wrongful discharge under Texas law.

## Background

Salmon served as municipal judge for the City of Waskom from December 1, 1987 to June 7, 1994. Salmon was appointed pursuant to City of Waskom Ordinance 106, which provides that a municipal judge shall be appointed by a majority vote of the governing body, in this case the City Council of Waskom, and the term of office for a municipal judge is to be two years, running concurrently with the mayor's two-year term. After the mayoral election of Christine Cooke Miller in May 1994, the City Council of Waskom convened on June 7, 1994, and appointed Mayor Miller as the temporary municipal judge.

Salmon contends that he was told by persons acting in their governmental capacity for the City of Waskom that his job as a municipal judge was to collect fines and, in doing so, he should not inform those persons charged before him of their due process rights, particularly the right to trial by jury. Salmon believes that he was not reappointed as municipal judge, and was thereby effectively fired, because he refused to comply with this request. Salmon filed suit on March 14, 1996, alleging: (1) violation of 42 U.S.C.A. § 1983;[1] (2) violation of 42 U.S.C.A. § 1985;[2] and (3) wrongful discharge in violation of Texas law.

The appellees removed the case to federal court on April 1, 1996, and moved for summary judgment on all three claims. On December 3, 1996, the federal magistrate granted summary judgment on the federal claims. As for the state law claim of wrongful discharge, the magistrate declined to exercise jurisdiction and remanded this claim to the County Court at Law, Harrison County, Texas.

The appellees filed a motion for summary judgment in state court on December 31, 1996, on the claim of wrongful discharge. In support of the motion, the appellees filed a copy of both Salmon's original petition and the magistrate's order granting summary judgment on the federal claims. The appellees' motion also contained a notice of intent to use evidence as is allowed by Texas Rule of Civil Procedure 166a(d). Although the notice was filed at that time, the evidence itself was not filed until after the order granting summary judgment was signed.

Salmon responded to the motion, but did not file any supporting evidence to refute the summary judgment motion. Salmon's response consisted mostly of a description of what reforms should be implemented to shield Class C judges from local political wrangling.

A hearing was conducted on March 17, 1997. All parties appeared by and through their counsel of record. The trial judge granted summary judgment against Salmon and signed the order on March 17, 1997, without stating the grounds upon which he based his decision.

## Analysis

Before reaching the substance of Salmon's points of error, we must determine what summary judgment evidence was properly before the trial court. We must decide if the appellees' notice of intent was sufficient to

---

1. 42 U.S.C.A. § 1983 (West Supp.1997) provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

2. 42 U.S.C.A. § 1985(c) (West 1994) provides:

> If two or more persons in any State ... conspire ... for the purpose of depriving ... any person or class of persons of the equal protection of the laws ... whereby another is ... deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages ... against any one or more of the conspirators.

constitute usable evidence to support the summary judgment motion.

█ Only issues expressly presented to the trial court by written motion, answer, or other response may be considered on appeal from a summary judgment. TEX.R. CIV. P. 166a(c). Moreover, only the evidence on file before the trial court at the time of the hearing on the motion for summary judgment may be considered. *Hush Puppy of Longview, Inc. v. Cargill Interests, Ltd.*, 843 S.W.2d 120, 122 (Tex.App.—Texarkana 1992, no writ). In their summary judgment motion, the appellees stated their intent, pursuant to Rule 166a(d), to use the federal summary judgment motion and the attached exhibits.[3] Rule 166a(d) provides:

> Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing *specific* references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

TEX.R. CIV. P. 166a(d) (emphasis added). The exhibits attached to the federal summary judgment motion included nearly 100 pages. These pages contained a number of affidavits and several deposition excerpts. The documents containing the affidavits and depositions were not filed with the trial court until April 24, 1997, well after the March 17 order of the trial judge granting summary judgment.

█ To date, there has been little interpretation of Rule 166a(d). The Texas Supreme Court has determined that the statement of intent required by Rule 166a(d) is satisfied when the discovery is attached to a summary judgment motion and the motion clearly relies on the attached discovery as support. *McConathy v. McConathy*, 869 S.W.2d 341, 342 n. 2 (Tex.1994). In the present case, the movant did not attach the evidence to the motion presented to the trial court; therefore, the statement of intent used by the appellees is not covered by *McConathy*.

Appeals courts have also grappled with the requirements of Rule 166a(d) as it might apply in the present case. A Houston court was faced with the propriety of summary judgment evidence where the movant filed a notice of intent to use various unfiled discovery products as summary judgment evidence. *Grainger v. Western Cas. Life Ins. Co.*, 930 S.W.2d 609 (Tex.App.—Houston [1st Dist.] 1996, writ denied). The notice of intent identified depositions by deponent, volume, and page number, and also identified answers to interrogatories by set and number of the interrogatory. The actual language from these sources was not included in the notice of intent. The movant also filed a memorandum in support of the motion which included a six page summary of the evidence with specific references to page numbers of certain depositions. The nonmovant failed to object to the evidence until after oral argument to the court of appeals. The nonmovant then asserted in a supplemental brief that the deposition testimony was not properly submitted to the trial court because

---

3. The appellees' notice within the summary judgment reads:

**III. THE SUMMARY JUDGMENT PROOF AND STATEMENT OF INTENT**

UNDER TEXAS RULES OF CIVIL PROCEDURE **166a(c),(d)**
Pursuant to the Texas Rules of Civil Procedure 166a(d), Defendant hereby provides notice of their intent to use the following documents as evidence in support of its Motion to Dismiss or Alternatively, Motion for Summary Judgment; Plaintiff's Original Petition; Defendants' Motion for Summary Judgment filed for record in the Federal United States District Court in the Eastern District of Texas and all attached exhibits thereto; and the United States District Court in the Eastern District of Texas, Marshall Division's Order and Decision of December 5, 1996 granting summary judgment.

As an aside, we also note that none of the documents listed above are proper summary judgment proof except the exhibits to the federal summary judgment motion if they contain affidavits and discovery products as allowed by Rule 166a(c) and (d).

copies of the excerpts were not filed with the court. The nonmovant further contended that, due to this impropriety, the trial court had no evidence to consider in support of the movant's summary judgment motion. The court found that any objection to the deposition testimony was waived since the nonmovant failed to object to the evidence at the trial court level as required by Rule 52 of the Texas Rules of Appellate Procedure. In addition, the court pointed out that, even on appeal, no one asserted that the judge did not base his ruling on the challenged evidence. The court found the notice of intent to be in compliance with Rule 166a(d).

Justice Price wrote a strenuous dissent in *Grainger*. He noted that the majority had inferentially defined "specific references" as simply specific page numbers to unfiled discovery. *Grainger* at 620. Justice Price also observed that Rule 166a(d) does not provide a mechanism for the trial judge to access the information which is not on file with the court; he argued that the actual language of any summary judgment evidence relied upon should be included in the notice. Page numbers are insufficient to meet the requirements of Rule 166a(d). *Id.* Also, Justice Price noted that the memorandum in support of the summary judgment was insufficient to put the court on notice of what evidence the movants intended to use to support their position. *Id.* The memorandum was simply the movant's argument to the court; it did not constitute proper summary judgment proof. In addition, Justice Price argued that since Rule 166a(c) and (d) specifies what items the court may consider as proper summary judgment evidence, a party who fails to comply with the statutory requirements should not be allowed the luxury of using improper evidence simply because the opposing party did not object. *Id.* at 621. Justice Price wrote that he would not have found the notice of intent in compliance with Rule 166a(d). *Id.*

The Corpus Christi court also faced this same question when, in response to a summary judgment motion, the nonmovant filed a statement of intent which referred to depositions by name and page number but did nothing more to inform the court as to the specific content of those depositions. *E.B. Smith Co. v. U.S. Fidelity & Guar. Co.,* 850 S.W.2d 621 (Tex.App.—Corpus Christi 1993, writ denied). The depositions were not attached to the nonmovant's response. The court found this evidence did not comply with the requirements of Rule 166a(d). The court found that the term "specific references" as used in Rule 166a(d) required that the party relying on such unfiled discovery "must show the court language from an unfiled deposition or other unfiled discovery document before the court rules on the summary judgment motion." *Id.* at 624.

We agree with the interpretation of the *E.B. Smith* court and the dissent of Justice Price in *Grainger*. Without some description of the evidence which the movant seeks to use as summary judgment evidence, the judge has no indication what impact this evidence would have on the motion. Without the specific evidence, courts would be asked to rule on summary judgments based upon evidence that the parties allege to possess in support of their positions, but that is not before the trial judge. The burden would be placed upon the trial judge to request the unfiled evidence before ruling on the summary judgment motion. We do not believe that Rule 166a(d) intended to place this burden on the trial judge.

In the present case, the notification of intent to use the evidence was not specific enough to apprise the trial judge of the content of that evidence. The appellees did not show any language from these documents or give any other indication to the trial judge as to the bearing these documents might have on the wrongful discharge claim. Unlike the cases decided by the Houston and Corpus Christi courts, the appellees in this case did not point to page numbers or make any other specific references to the location of the evidence upon which they intended to rely, much less point out the exact language of the evidence.

■ The *E.B. Smith* court also determined that "[i]t is incumbent upon the party relying on unfiled summary judgment evidence to show by a record that the substance of unfiled discovery evidence was presented to the trial court before it ruled on a motion

for summary judgment." *Id.* The record in the case at bar fails to demonstrate that the evidence listed by the appellees in their 166a(d) notification was before the trial court when the order granting summary judgment for the state claim was signed.

Since the evidence alluded to by the appellees was never properly before the trial judge prior to the granting of summary judgment, or even before the judgment became final, this evidence will not be considered by this Court on appeal.

The appellees also rely heavily on the findings of the federal magistrate in their state summary judgment motion, implying that since the federal judge found certain facts, the state court must necessarily agree. The magistrate's order and findings have no bearing on or authority over the state claim.

■ The Court must now determine if, ignoring the evidence not properly before this Court, the appellees are entitled to summary judgment as a matter of law. When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Peirce v. Sheldon Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ.App.—Amarillo 1979, no writ). Normally, in order to base summary judgment on the failure to state a cause of action, the defendant must specially except to the pleading deficiency and the plaintiff must be given an opportunity to amend. But where the plaintiff's pleadings themselves establish the lack of a valid cause of action, or if the plaintiff's pleadings fail to allege facts that, if proved, establish liability, pleadings alone can justify summary judgment, and special exceptions are not required. *Washington v. City of Houston,* 874 S.W.2d 791, 794 (Tex.App.—Texarkana 1994, no writ); *Eckman v. Centennial Sav. Bank,* 757 S.W.2d 392, 398 (Tex.App.—Dallas 1988, writ denied) (citing *Gonzales v. Lubbock State School,* 487 S.W.2d 815, 817 (Tex.Civ. App.—Amarillo 1972, no writ)). We accept all evidence favorable to the nonmovant as true, indulge the nonmovant with every favorable reasonable inference, and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

In their summary judgment motion to the trial court, the appellees asserted that Salmon did not have a cause of action for wrongful discharge under Texas law. This Court must now determine if Salmon stated a claim for wrongful discharge. If he did not, the appellees are entitled to summary judgment as a matter of law.

■ As to his first point of error, Salmon asserts that he was employed for a given term and that his term renewed automatically absent legal action by the Waskom city council in appointing a new judge. The appellees contend that Salmon was not an employee because his term of office had expired with the election of a new mayor. A City of Waskom ordinance provided that the term of office of a municipal judge ran for two years, concurrently with the mayor's term. Salmon's two-year term was completed with the election of Mayor Miller. Salmon contends that the action taken by the city council in appointing another municipal judge was illegal and that his term continued to run, because the council made the new appointment in hopes of increasing fine collections. Salmon contends that this impure motive nullifies the council's appointment. This argument was first raised in Salmon's response to the summary judgment motion. While Salmon's pleadings do contend that the appellees asked him to perform an illegal act and terminated him because of his refusal to comply with this request, his pleadings never contend that the appellees acted illegally in appointing another municipal judge. Salmon first cites authority for this proposition in his brief to this Court. Because this point was not presented to the trial court below, it is not properly before us on appeal and we may not address this argument. Appellant's first point of error is overruled.

In his second point of error, Salmon claims that if he is an at-will employee, he can maintain a wrongful discharge action under the exception created by *Sabine Pilot Serv., Inc. v. Hauck,* 687 S.W.2d 733 (Tex.1985). Salmon served as municipal judge for a specified term in accordance with a municipal ordinance. As we discussed *supra,* Salmon served out his term and was simply not

**430**

reappointed to the position. Because Salmon was not an employee at will, but served according to the dictates of the city statute for a specified term, the *Sabine* exception does not apply in this case, and we do not reach the merits of an argument under *Sabine.* This point of error is overruled.

The judgment of the trial court is affirmed.

GRANT, Justice, concurring.

Because of our disposition on other grounds, we do not reach the issue in this case involving the separation of powers doctrine. But I want to stress the importance of that doctrine because I believe that is one of the salient reasons our system works. It must be remembered that the primary function of our courts is not fund raising, but justice. Just because a branch of our government may have the right to appoint judges does not mean that that nonjudicial branch can dictate the judicial decisions and acts of the court.

The United States Supreme Court pointed out in *Ward v. Monroeville,* 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972), that a mayor cannot serve as a city judge because an official then occupies two seriously inconsistent positions, one partisan and one judicial. As a mayor or someone directly involved in the financing of the city, there is an incentive to convict in order to increase the income of the city. This creates an interest that is the antithesis of the neutral and detached judge to which any defendant is entitled, whether the offense charged be a misdemeanor or capital crime.

I concur in the present opinion, but emphasize the need for a clear separation of the functions of government on all levels.

CORNELIUS, C.J., not participating.