Lorenza BARRAZA, Appellant,

v.

The EUREKA COMPANY, a Division of White Consolidation Industries, Inc., and The Eureka Company, Appellees.

No. 08–99–00016–CV.

Court of Appeals of Texas, El Paso.

April 13, 2000.

Rehearing Overruled May 24, 2000.

James B. Kennedy, Scherr & Legate, P.C., El Paso, Rodrigo V. Ramos, for Appellant.

Michael D. McQueen, Cynthia S. Anderson, Robert Shawn Oller, Kemp, Smith, Duncan & Hammond, P.C., El Paso, for Appellees.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

*OPINION*

DAVID WELLINGTON CHEW, Justice.

This is an appeal from a grant of summary judgment in a nonsubscriber negligence suit. Lorenza Barraza sued her employer claiming that she suffered an on-the-job injury, between June and September of 1995, in the course and scope of her employment. Appellee filed a combined motion for traditional and no-evidence summary judgment on September 23, 1998, claiming that Barraza could not produce evidence of a breach of a duty of care or proximate cause. The trial court signed an order granting Eureka's motion for summary judgment on November 9, 1998. Barraza brings two issues before this Court: (1) that the trial court erred in granting Eureka's motion for summary judgment because Barraza presented more than a scintilla of probative evidence that raised a genuine issue of material fact on all elements of Barraza's negligence claim; and (2) that the trial court erred in striking portions of Barraza's summary judgment evidence. Eureka brings a cross-issue that the trial court erred in denying its motion to strike the affidavit of Barraza's expert. We will affirm the judgment of the trial court.

Lorenza Barraza had been employed by Eureka as a molding machine operator since December of 1994. She worked on several different types of molding machines during her term of employment, but believes that working on a furniture guard molding machine caused her injuries. The furniture guard molding machine was a "manual" machine, meaning that Barraza had to place a piece of plastic in the machine and close the door of the machine. A furniture guard was then molded to the machine. Barraza would then open the machine and remove the finished piece. She said it was often difficult to remove the finished piece, and she would have to pull repeatedly on the piece until it came loose from the machine. In June of 1995, she began experiencing pain in her wrists

and hands. In September of 1995, she filed an incident report with her employer.

We will address Barraza's issues in reverse order. In her second issue, she contends that the trial court erred in striking a portion of her summary judgment evidence. We agree. In her response to Eureka's motion for summary judgment, Barraza attached various documents as evidentiary support for her negligence claim. These included portions of her own deposition, portions of the depositions of six of her coworkers, incident reports of two of her coworkers, and the affidavit of Thomas McLean, her expert witness in the field of industrial engineering. Barraza made specific reference to some of these documents in her response to Eureka's motion for summary judgment. Eureka filed a motion to strike, as far as we can tell, *all* of Barraza's summary judgment evidence, arguing that the unreferenced portions did not meet the requirements of Rule 166a(d) of the Rules of Civil Procedure, the referenced portions were inadmissible hearsay, that Barraza's expert was not qualified, and that the expert's affidavit contained only legal conclusions, and therefore was of no probative force. The trial court granted the motion to strike all the unreferenced discovery, and denied the motion in all other respects.

■ On appeal, Barraza argues that the trial court's decision to strike the evidence was "inequitable." Rulings concerning the admission or exclusion of summary judgment evidence are reviewed under an abuse of discretion standard. *See Ho v. University of Texas at Arlington*, 984 S.W.2d 672, 680 (Tex.App.—Amarillo 1998, pet. denied); *Sanders v. Shelton*, 970 S.W.2d 721, 727 (Tex.App.—Austin 1998, pet. denied). A trial court abuses its discretion if it acts without any reference to any guiding rules or principles. *See E.I. du Pont de Nemours and Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex.1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90

L.Ed.2d 721 (1986). We will construe this issue as a contention that the trial court abused its discretion in striking the summary judgment evidence.

■ On appeal, Eureka does not reassert its claim that portions of the evidence are inadmissable hearsay, thus we will not consider this contention. Eureka contends that under Rule 166a(d) of the Rules of Civil Procedure and Texas case law, the trial judge was correct to strike the summary judgment evidence. Rule 166a(d) provides in relevant part, that:

> Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments are filed and served on all parties . . . .

TEX.R.CIV.P. 166a(d). Eureka contends that "[i]n order to meet the requirements of Rule 166a(d), Texas Courts have consistently held that the party is required to identify the *specific* evidence in the deposition on which it relies." [Emphasis in original]. Under Eureka's interpretation of the rule, the trial court can disregard all evidence the proponent does not specifically bring to the attention of the court. We do not believe this is the meaning of the rule.

Rule 166a(d) provides three methods to present unfiled discovery before the trial court. First, a party may file the discovery with the trial court. Second, a party may file an appendix containing the evidence. Finally, a party may simply file a notice with specific references to the unfiled discovery. Nowhere does the rule require that the proponent of the evidence provide specific references to the discovery, if the actual documents are before the trial court, in order for the trial court to consider it. The Texas Supreme Court has held that the "notice of intent" requirement is fulfilled when the proponent attaches copies of the discovery to its mo-

tion and the motion clearly relies on the attached discovery as support. *See McConathy v. McConathy*, 869 S.W.2d 341, 342 n. 2 (Tex.1994). Eureka contends however, that the holdings in *Salmon v. Miller*, 958 S.W.2d 424, 428 (Tex.App.—Texarkana 1997, pet. denied), *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex.App.—Houston [1st Dist.] 1996, no writ), and *E.B. Smith Co. v. U.S. Fidelity & Guaranty Co.*, 850 S.W.2d 621, 623 (Tex.App.—Corpus Christi 1993, writ denied) support its contention that "the party is required to identify the *specific* evidence in the depositions on which it relies." All three of these cases are distinguishable.

■ In *Salmon*, the proponent of the evidence was the movant and the appellee on appeal. *See Salmon*, 958 S.W.2d at 426. The movant filed a notice of intent to use unfiled discovery as summary judgment evidence. *See id.* at 427 n. 3. The notice did not contain any specific references to the unfiled discovery.[1] Additionally, the actual documents relied upon were not before the trial court until one month after summary judgment was rendered. *See Salmon*, 958 S.W.2d at 427. The issue before the Texarkana Court was not whether the trial court could strike all evidence not specifically referenced in the summary judgment motion, but rather, could the trial court consider evidence the movant only *alleged* to have in its possession. *See id.* at 428. The Texarkana Court concluded that the party that wished to rely on the unfiled discovery must convey to the trial judge the substance of the evidence. *See id.* This could be done by filing copies of the evidence or by citing specific language from the discovery to the trial court. *See id.* In any case, " '[i]t is incumbent upon the party relying on unfiled summary judgment evidence to show by a record that the substance of unfiled discovery was presented to the trial court before it ruled on a motion for summary

judgment.' " *Id.* at 428–29, *citing E.B. Smith*, 850 S.W.2d at 624.

The proponent of the evidence in *E.B. Smith* also filed a motion with specific references to unfiled discovery, but failed to file the discovery or present any specific language from the discovery to the trial court. *See E.B. Smith*, 850 S.W.2d at 623. The Corpus Christi Court held that the evidence was not before the judge, and could not be considered on appeal. *See id.* at 624. Both *E.B. Smith* and *Salmon* concern a situation we do not have in this case: specific references to unfiled discovery that is not before the trial court. Here, it is undisputed that the trial court had the unfiled discovery before it; it was attached to Barraza's response.

In *Guthrie*, the First Court of Appeals considered a situation more analogous to this case. The proponent of the evidence attached a 500–page deposition to his response to a motion for summary judgment. *See Guthrie*, 934 S.W.2d at 825. He failed to make any reference to the deposition in his response, and the trial court refused to consider the deposition as summary judgment evidence. *See id.* at 826. The court of appeals upheld the trial court's decision, reasoning that "[t]he trial court should not be compelled to sift through a 500–page deposition to search for evidence supporting the contestants' contentions." *Id.* The court of appeals relied on the Supreme Court's holding in *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 81 (Tex.1989), that general references to a voluminous record do not direct trial courts and parties to evidence on which the movant relies. *See id.* Again, the *Guthrie* case is distinguishable. First, Barraza did not attach a "voluminous" record. She attached only portions of depositions and other documents that total 278 pages. This does not come near the 500–page deposition in *Guthrie*. Additionally, Barraza provides specific references to parts of this evidence she believes particularly support her claim,

---

1. As noted by the Texarkana Court, most of the documents sought to be used as evidence were not proper summary judgment evidence. *See Salmon*, 958 S.W.2d at 427 n. 3.

about twenty references in all. We believe this is not a *Rogers'* situation, and the trial court abused its discretion in striking the unreferenced portions of Barraza's evidence. We sustain Barraza's Issue Two. This does not end our inquiry, however, because summary judgment is a question of law. We can examine the evidence that the trial court should have considered to determine if summary judgment was proper even if the trial court had not struck part of Barraza's evidence.

First, however, we must examine the cross-issue that Eureka raises. Eureka contends that the trial court erred in denying its motion to strike the affidavit of Thomas McLean, Barraza's expert. In his affidavit, McLean bases his opinion on his review of the depositions of Barraza and six of her coworkers, Eureka's Employees Handbook, New Employee Safety Orientation, Occupational Injury Benefit Program, and Eureka's OSHA Form 2000. He concludes that Eureka knew the hazards associated with the manual furniture guard molding machine because of the employees' complaints of injuries associated with use of the machine. He avers that Eureka knew Barraza was hurt, but they "did nothing," and this was negligence on their part. He then summarizes the testimony of one of Barraza's coworkers, that the *coworker's* wrist became sore when using the manual furniture guard molding machine, and that others also testified that a person was more likely to get a sore wrist when working with a manual machine compared with an automatic machine. He then concludes that Eureka knew the manual machines were "more dangerous" than the automatic machines, and that Eureka was negligent in continuing to use the manual machines. In the final paragraph, he avers that three other employees have sustained repetitive motion injuries because of working with the manual furniture guard molding machines. Finally, he concludes that the continual use of the manual machines and the risk they presented to the employees amounted to negligence and this negligence was the proximate cause of Barraza's injury.

■■ Eureka objected to this affidavit on two grounds, arguing first that the portions stating that Eureka was negligent and this negligence was the proximate cause of Barraza's injuries are legal conclusions, and are of no probative force. Second, Eureka argued that as an industrial engineer, McLean was not qualified to render a medical opinion as to what caused Barraza's injuries. We agree. The affidavit is rife with conclusions. Legal conclusions of an expert are not of probative force to establish proximate cause. He must link his conclusions to the facts. *See Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999); *Life Ins. Co. of Virginia v. GarDal, Inc.*, 570 S.W.2d 378, 381–82 (Tex. 1978). The trial court could have struck McLean's affidavit on this ground alone.

■ The trial court should have struck the affidavit for another reason as well. Barraza failed to carry her burden of proof to establish that McLean was qualified to offer his opinion on the cause of her injuries. Under the holding in *Robinson*, once a party objects to the expert's testimony, the party offering the expert testimony has the burden of proof to establish that the testimony is admissible. *See Robinson*, 923 S.W.2d at 557. Barraza failed to file a response to Eureka's motion to strike. A legitimate question exists whether McLean is qualified, as an industrial engineer, to render a medical opinion as to the cause of Barraza's injuries. He claims to have studied repetitive motion injuries in the garment industry, but fails to link this to the work Barraza was performing and the alleged resulting injuries. Generally, causation in a case such as this would have to be established by a medical doctor. *See Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 719 (Tex. 1998); *Broders v. Heise*, 924 S.W.2d 148, 153 (Tex.1996). Because Barraza failed to carry her burden to prove that McLean was qualified, and because the affidavit is no more than legal conclusions that are of

no probative force, we conclude that the trial court abused its discretion in denying Eureka's motion to strike the affidavit of Dr. McLean.

In her Issue Two, Barraza contends that the trial court erred in granting summary judgment because she presented evidence that raised a genuine issue of material fact on each element of her negligence claim. Eureka moved for summary judgment on both traditional and no-evidence grounds, and the trial court did not specify upon which ground he granted the motion. We can uphold the judgment of the trial court on either ground, and will address the no-evidence summary judgment standard first.

■ Under the "no-evidence summary judgment" rule, the movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the nonmovant would have the burden of proof at trial. TEX. R.CIV.P. 166a(i). The motion must state the elements as to which there is no evidence. *See id.* The reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *See id.* Under the no evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding. *See, e.g., Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.,* 962 S.W.2d 193, 197 n. 3 (Tex.App.—Houston [1st Dist.] 1998, pet. denied) (commenting that under Rule 166a(i) "the plaintiff as the nonmovant [has] the burden to raise a triable issue on each element essential to the plaintiff's case against each defendant.").

■ Two recent opinions issued by the San Antonio Court of Appeals state the applicable standard of review for no-evidence summary judgments: " 'A no-evidence summary judgment is essentially a pretrial directed verdict,' and we apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict...." *Taylor–Made Hose, Inc. v. Wilkerson,* 21 S.W.3d 484, 490 (Tex.App.—San Antonio 1999, no pet.h.)(op. on reh'g), *quoting Moore v. K Mart Corp.,* 981 S.W.2d 266, 269 (Tex.App.—San Antonio 1998, pet. denied); *see also* Hon. David Hittner & Lynne Liberato, *Summary Judgments in Texas,* 34 HOUS.L.REV. 1303, 1356 (1998)(no-evidence summary judgment is essentially pretrial directed verdict).

■ A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX.R.CIV.P. 166a(i); *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, then more than a scintilla of evidence exists. *Havner,* 953 S.W.2d at 711. Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion ..." of a fact, and the legal effect is that there is no evidence. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983); *Taylor–Made Hose, Inc.,* 21 S.W.3d at 490.

■ An employer is not an insurer of its employees' safety at work; however, an employer does have a duty to use ordinary care in providing a safe work place. *See Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex.1996); *I.M. Werner v. Colwell,* 909 S.W.2d 866, 869 (Tex.1995). For decades, Texas courts have recognized that this duty is an implied part of the employer-employee relationship. *See Missouri, K. & T. Ry. Co. of Texas v. Hannig,* 91 Tex.

347, 43 S.W. 508, 510 (1897). Thus, we will assume Eureka had a duty to Barraza.

In a negligence case, a plaintiff must plead and prove that the defendant's negligence is the proximate cause of his injury. Proximate cause consists of cause in fact and foreseeability. *See Leitch*, 935 S.W.2d at 118–119, *citing Farley v. M.M. Cattle Co.*, 529 S.W.2d 751, 755 (Tex.1975). We will assume for the purposes of argument only that it was foreseeable that Barraza could sustain an injury due to repeated use of the manual furniture guard molding machine. As to cause in fact, we believe this case is strikingly similar to the *Leitch* case. In *Leitch*, the plaintiff did not have medical testimony establishing a link between the injury and the alleged negligence. *See id.* at 119. The Supreme Court held that expert testimony was required to establish this link. *See Leitch*, 935 S.W.2d at 119. Barraza argues that the holding in *Leitch* is limited to the facts of that case, and that common sense and general experience lead to the conclusion that Barraza's injury was caused by the negligence of Eureka. Specifically, she argues, "[i]t does not take a doctorate degree or keen scientific knowledge to discern that Defendant's failure to remove a manual furniture guard molding machine from Plaintiff's workplace and requiring Plaintiff to use this machine caused Plaintiff's injuries." We disagree. If expert knowledge is required to establish that proper lifting equipment could have prevented the injury in *Leitch*, then it is certainly required here to establish that a different type of machine would have prevented Barraza's injuries.

In support of proximate cause, Barraza offered her testimony, the testimony of her coworkers, and the affidavit of Thomas McLean, Ph.D., an industrial engineer. The testimony of Barraza and her coworkers as to the cause of her injury is conjecture, and cannot support a finding of proximate cause. For the reasons stated in addressing Eureka's cross-issue, the affidavit of Dr. McLean does not establish proximate cause either. However, because the trial court refused to strike the affidavit, it should not have granted Eureka's motion for summary judgment. The affidavit was more than a scintilla of evidence of a breach of the duty of care, and of proximate cause. If a trial court agrees to accept an expert's opinion, that opinion constitutes more than a scintilla of evidence that defeats a no-evidence summary judgment motion.

This principle is illustrated in *Frazier v. Yu*, 987 S.W.2d 607 (Tex.App.—Fort Worth 1999, review denied). In *Frazier*, the movant objected to the plaintiff's affidavits on several grounds, and urged the trial court to rule that the affidavits were not competent summary judgment evidence. *See Frazier*, 987 S.W.2d at 609. The trial court never explicitly ruled on the motion to strike, but granted the motion for summary judgment against the plaintiffs. *See Frazier*, 987 S.W.2d at 609. The trial court's order stated that it had considered all "competent" summary judgment evidence. *See id.* at 610. The court of appeals held that because the trial court granted summary judgment, it had implicitly struck the affidavits, otherwise they would constitute competent summary judgment evidence. *See id.* This case is the converse of the *Frazier* case. Because the trial court refused to strike McLean's affidavit, it accepted the evidence as competent summary judgment evidence, which was more than a scintilla of evidence, and it should not have granted summary judgment in favor of Eureka.

However, because we have found that McLean's affidavit should have been struck because it was not competent summary judgment evidence, and because the other evidence Barraza presented was not probative evidence of either breach of duty or proximate cause, summary judgment was proper in this case. We sustain Barraza's first issue, but uphold the grant of

summary judgment and affirm the judgment of the trial court.