Opinion issued July 1, 2004













In The
Court of Appeals
For The 
First District of Texas




NO. 01-03-00063-CV




 JOHN ADI, Appellant

V.

PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, A
SUBSIDIARY OF THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA, AND DAN BROWN, Appellees




On Appeal from the 61st District Court
 Harris County, Texas
Trial Court Cause No. 2002-30420




MEMORANDUM OPINION
          On June 14, 2002, appellant, John Adi, sued appellees, Prudential Property and
Casualty Insurance Company, a subsidiary of the Prudential Insurance Company of
America (Prudential), and Dan Brown, for defamation of character arising out of
statements made by Brown. Brown made the statements, within the scope of his
employment as a Prudential agent, to two other Prudential employees. The trial court
granted summary judgment in favor of appellees, dismissing Adi’s defamation claim. 
We determine whether the trial court erred by (1) denying Adi’s motions for leave of
court (a) to file late pleadings and (b) to file his first amended petition; (2) denying
Adi’s objections to and motion to strike appellees’ summary judgment evidence; (3)
granting appellees’ motion for summary judgment on the basis of res judicata,
substantial truth, or lack of injury; and (4) denying Adi’s motion for new trial. We
affirm.Background
          While Adi was the president and administrator of Bethsaida Medical Services,
Inc. (Bethsaida), he and another individual were the subjects of an investigation by
the Texas Department of Insurance (TDI). At TDI’s request, Prudential issued a
pretext insurance policy as part of a sting operation to uncover insurance fraud. In
connection with the sting operation, Kelley Liesman, a TDI employee, telephoned
Brown and made the allegedly defamatory statements.


 Brown allegedly repeated the
statements to two other Prudential employees. As a result of the sting operation, Adi 
was arrested, convicted, and sentenced to 70 years in prison, which sentence he is
currently serving.
          Appellees moved for summary judgment on Adi’s defamation claim on July 19,
2002, on the basis of res judicata, substantial truth, and lack of injury. The trial court
granted appellees’ summary judgment motion on September 19, 2002. It is from that
order that Adi now appeals. Motions for Leave to File Documents
A.      Request for Leave to File a Late Response and Objections
          In his first point of error, Adi contends that the trial court erred by denying his
motion for leave to file his late response and objections to appellees’ motion for
summary judgment.
          Although Adi argues that the trial court erred in denying his motion for leave
to file a response and objections late, he asserted in his motion that it was being filed
merely “should there be any delay in getting these documents on time to the court
even though they were file[d] . . . more than seve[n] days before the hearing.” On
appeal, Adi claims that his response and objections were in fact timely, implying, as
his motion for leave expressly stated, that his motion for leave had been filed merely
out of an abundance of caution. 
          It is uncontroverted that Adi’s response and objections reflect a postmark of
August 12, 2002 and that the district clerk filed them on August 15, 2002. The
summary judgment hearing was set for August 19, 2002. A nonmovant must file his
response to a motion for summary judgment not later than seven days prior to the day
of hearing. Tex. R. Civ. P. 166a(c). Because Adi mailed his response and objections
before the last day that he was required to do so and because they were received by
the clerk’s office not later than 10 days after the due date, he timely filed his response
and objections. See Tex. R. Civ. P. 5, 166a(c); see also E.B. Smith Co. v. United
States Fid. & Guar. Co., 850 S.W.2d 621, 622-23 (Tex. App.—Corpus Christi 1993,
writ denied) (applying Texas Rule of Civil Procedure 5 to summary judgment
response).
          Because Adi did not file his response late, his motion for leave to file a late
response was unnecessary, and the trial court’s denial of Adi’s motion did not nullify
his response. Furthermore, nothing in the record indicates that the trial court did not
consider Adi’s response prior to granting appellees’ summary judgment motion. 
Accordingly, we hold that the trial court did not err by denying Adi’s motion for leave
to file a late response and objections.
          We overrule Adi’s first point of error.
B.      Request for Leave to File First Amended Original Petition
          In his seventh point of error, Adi asserts that the trial court erred in denying his
motion for leave to file his first amended original petition.
          Texas Rule of Civil Procedure 63 allows a party to amend his pleadings.


 Tex.
R. Civ. P. 63; see Goswami v. Metro. Sav. & Loan Ass’n, 751 S.W.2d 487, 490 (Tex.
1988) (asserting that rule 63 applies to summary judgments). Adi filed his motion for
leave to file an amended petition on August 1, 2002. The record shows that his
amended petition was also filed with the trial court on the same date.


 The summary
judgment hearing was set for August 19, 2002. Because there was no court order
asserting that amendments had to be filed before August 1, and because the hearing
was more than seven days away, it was not necessary for Adi to request leave to file
his amended pleading. See Tex. R. Civ. P. 63. However, there is also no indication
in the record that the trial court denied Adi’s motion for leave to file an amended
petition.


 The amended pleading is part of the record, and there is no basis on which
to conclude that the trial court did not consider Adi’s amended pleading. Under these
circumstances, leave of court to file the pleading, although unnecessary in this case,
is presumed. See Goswami, 751 S.W.2d at 490.
          We overrule Adi’s seventh point of error. 
Summary Judgment Evidence
          In Adi’s second and third points of error, he argues that the evidence
supporting appellees’ summary judgment motion is incompetent and, thus, that the
trial court erred by denying his motion to strike such evidence and by granting
summary judgment.
          The admission and exclusion of evidence is committed to the trial court’s
sound discretion. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). 
A trial court abuses its discretion when it acts without regard for any guiding rules or
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.
1985). To obtain reversal of a judgment based on error in the admission or exclusion
of evidence, an appellant must show that the trial court’s ruling was in error and that
the error was calculated to cause, and probably did cause, the rendition of an
improper judgment. Tex. R. App. P. 44.1(a)(1); Alvarado, 897 S.W.2d at 753.
          Adi asserts that appellees’ exhibits F and G attached to their motion for
summary judgment were not competent proof because they were irrelevant, hearsay,
and improperly certified. Exhibit F was a copy of a capias and indictment relating to
Adi’s arrest for engaging in organized criminal activity and identifying his prior
conviction for the felony offenses of “False Statement in Acquisition of Firearms,
Dealing in Firearms without a license, and False Statement to a Grand Jury.” Exhibit
G was a copy of the judgment finding Adi guilty of engaging in organized criminal
activity and sentencing him to 70 years in prison.
          Adi argues first that exhibits F and G were not competent summary judgment
proof because they were improperly certified. It is uncontroverted that both of these
exhibits bore the stamp of the Harris County District Clerk’s office, including the
official seal of the clerk’s office and the signature of a deputy clerk. However, both
documents also included a date stamp indicating the date of certification as June 4,
1996. Because these exhibits were all created more than a year after the date stamped
on the certification, Adi argues that the certification was void. We disagree.
          The exhibits in question were public records. See Stephens v. Dolcefino, 126
S.W.3d 120, 137-38 (Tex. App.—Houston [1st Dist.] 2003, pet. filed) (recognizing 
that indictment relied on in another case constituted public record). As such, they
were generally admissible as an exception to the hearsay rule. See Tex. R. Evid.
803(8). Under Texas Rule of Evidence 902, domestic public documents, such as
exhibits F and G, are self-authenticating.


 See Tex. R. Evid. 902(1). The
certification of the copies of these exhibits was sealed and contained the signature of
a deputy clerk from the Harris County District Clerk’s office, as required by the Texas
Rules of Evidence. See Tex. R. Evid. 902(1), (4). The rules do not specify that the
certification contain an accurate date, and there is nothing in the record to indicate
that the incorrect date stamp was the result of a fraudulent act. Consequently, it was
not an abuse of discretion for the trial court to admit exhibits F and G under the
public documents exception to the hearsay rule.
          Adi next asserts that exhibits F and G were not competent summary judgment
evidence because they were too remote in time to have had any relevance to the
allegedly defamatory statements. However, these documents were relevant to
appellees’ defense of substantial truth of the allegedly defamatory statements. The
fact that they were created months after the allegedly defamatory statements were
made does not render them irrelevant, as they addressed the substantial truth of those
statements. Consequently, the trial court did not abuse its discretion in admitting
exhibits F and G as evidence. 
          Because we conclude that exhibits F and G are the only documents that were
necessary to support appellees’ motion for summary judgment based on the
affirmative defense of substantial truth, we need not address the trial court’s rulings
on the admissibility of the other exhibits of which Adi complains. See Alvarado, 897
S.W.2d at 753 (asserting that successful challenge to evidentiary rulings usually
requires complaining party to show that judgment turns on particular evidence
excluded or admitted).
          Accordingly, we overrule Adi’s second and third points of error.
Substantive Claims
          In Adi’s fourth, fifth, sixth, and ninth points of error, he claims that the trial
court erred in granting summary judgment based on the defenses of substantial truth,
res judicata, and lack of injury.
          Appellees moved for traditional summary judgment under Texas Rule of Civil
Procedure 166a(c). See Tex. R. Civ. P. 166a(c). A defendant is entitled to summary
judgment under this rule if the evidence disproves as a matter of law at least one
element of each of the plaintiff’s causes of action or if the defendant conclusively
establishes all elements of an affirmative defense. Cathey v. Booth, 900 S.W.2d 339,
341 (Tex. 1995).
          In reviewing the granting of a motion for summary judgment, we consider as
true all the evidence that favors the nonmovant. Watts v. Hermann Hosp., 962
S.W.2d 102, 104 (Tex. App.—Houston [1st Dist.] 1997, no pet.). We indulge every
reasonable inference in favor of the nonmovant and resolve all reasonable doubts in
its favor. Cont’l Casing Corp. v. Samedan Oil Corp., 751 S.W.2d 499, 501 (Tex.
1988); Watts, 962 S.W.2d at 104. When, as here, an order granting summary
judgment does not specify the grounds upon which the trial court ruled, we must
affirm to the extent that any of the summary judgment grounds is meritorious. See
Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). 
          To maintain a defamation cause of action, the plaintiff must prove that the
defendant (1) published a false statement about the plaintiff, (2) that statement was
defamatory, and (3) that the defendant made the statement while acting with either
actual malice, if the plaintiff was a public official or public figure, or negligence, if
the plaintiff was a private individual, regarding the truth of the statement. See Assoc.
Press v. Cook, 17 S.W.3d 447, 452 (Tex. App.—Houston [1st Dist.] 2000, no pet.). 
A showing of substantial truth, however, will defeat a defamation claim. See
McIlvain v. Jacobs, 794 S.W.2d 14, 15-16 (Tex. 1990). Because substantial truth is
an affirmative defense, a defendant must conclusively establish each element to be
entitled to summary judgment. See Cathey, 900 S.W.2d at 341. To determine
substantial truth, we consider whether the defamatory statement is more damaging to
the plaintiff in the mind of the average listener than a true statement would have been. 
McIlvain, 794 S.W.2d at 16; Barbouti v. Hearst Corp., 927 S.W.2d 37, 65 (Tex.
App.—Houston [1st Dist.] 1996, writ denied). This evaluation involves looking at
the “gist” of the statements. Cook, 17 S.W.3d at 452. If the underlying facts as to the
gist of the libelous charge are undisputed, then we disregard any variance with respect
to items of secondary importance and determine substantial truth as a matter of law. 
McIlvain, 794 S.W.2d at 16; Cook, 17 S.W.3d at 452.
          Adi contends that there are material issues of fact concerning whether (1) he
was arrested on January 29, 1998, (2) he was charged with insurance fraud, and (3)
Brown’s statements were substantially true. After talking to TDI employee Liesman,
Brown told two Prudential employees that Adi had been arrested by the fraud unit on
January 29, 1998 and that Adi was being charged with insurance fraud, a third-degree
felony. Appellees’ summary judgment evidence showed that Adi was arrested in
March of 1998 and subsequently charged with, and convicted of, engaging in
organized criminal activity, a second-degree felony.
          Adi asserts that the statements made by Brown were false, and would be more
damaging to Adi’s reputation in the mind of the average recipient than a truthful
statement of “no such arrest, and no such charged filed on [Adi] on January 29,
1998.” Although Brown’s statements were not absolutely accurate, the summary
judgment evidence showed that, several weeks after Brown’s statements, Adi was
arrested in connection with activities stemming from the insurance-fraud sting
operation. Even though Adi was not charged with insurance fraud, as Brown stated,
the summary judgment evidence showed that Adi was charged with and convicted of
a more serious felony. As Adi acknowledges in his brief, the allegedly defamatory
statement need not be literally true; rather substantial truth is sufficient. See ABC,
Inc. v. Shanks, 1 S.W.3d 230, 235 (Tex. App.—Corpus Christi 1999, pet. denied). 
The gist of Brown’s statements was that Adi was charged with a felony in connection
with the insurance-fraud sting operation. If anything, the statements would seem less
damaging to an average listener than the actual truth, considering that Brown claimed
that Adi was charged with a less serious offense. Moreover, the fact that Adi was
actually arrested in March and not in January is of secondary importance to the gist
of the statements and thus can be disregarded. See Cook, 17 S.W.3d at 452. As a
result, appellees proved the substantial truth of Brown’s statements as a matter of law.
          Because we have determined that appellees were entitled to summary judgment
on the basis of substantial truth, we need not address the merits of appellees’ other
bases for summary judgment. Accordingly, the trial court did not err in granting
appellees’ motion for summary judgment. We overrule Adi’s fourth, fifth, sixth, and
ninth points of error.
Motion for New Trial
          In his eighth point of error, Adi contends that the trial court erred by denying
his motion for new trial. A trial court has broad discretion to deny or to grant a
motion for new trial, and the trial court’s discretion will not be disturbed on appeal
absent a showing of a manifest abuse of that discretion. Batra v. Clark, 110 S.W.3d
126, 128 (Tex. App.—Houston [1st Dist.] 2003, no pet.).
 
          Adi’s contentions in his motion for new trial merely reiterate the arguments that
Adi has presented in his appellate brief, namely, that the trial court erred by denying
various motions, by admitting appellees’ exhibits, and by granting summary
judgment. We have affirmed the trial court’s summary judgment. Accordingly, the
trial court did not abuse its discretion by denying Adi’s motion for new trial.
          We overrule Adi’s eighth point of error.
Conclusion
          We affirm the judgment of the trial court. All pending motions are denied as
moot. 



                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Hanks, and Bland.