COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-196-CV
 
 
EUGENE CARL SANDERS                                                       APPELLANT
 
V.
 
HOME DEPOT U.S.A., INC.                                                      
APPELLEES
AND JAN PATTERSON
 
  
------------
 
FROM THE 17TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Eugene 
Carl Sanders appeals from a no-evidence summary judgment for appellees Home 
Depot USA, Inc. and Jan Patterson. In two issues, Sanders contends that the 
summary judgment is improper because there are material fact issues regarding 
whether appellees’ negligence caused Sanders’s injuries and that the trial 
court abused its discretion by striking the affidavit of Sanders’s expert. In 
a single issue, appellees complain that the trial court erred by denying their 
objections to some of Sanders’s summary judgment evidence. We will affirm.
        Sanders 
claims to have suffered back injuries as a result of lifting a treated lumber 
post by himself during the course and scope of his employment at Home Depot. He 
asserts that his injuries have left him disabled and have required two major 
surgeries and ongoing medical treatment. Home Depot is a nonsubscriber under the 
Texas Workers’ Compensation Act; therefore, Sanders sued Home Depot and Jan 
Patterson, a store manager, for negligence, alleging that they had failed to 
provide him a safe work place; failed to provide sufficient assistance or 
staffing to prevent his injuries; failed to properly train or supervise him; and 
failed to warn him of “any dangers.” Appellees moved for a no-evidence 
summary judgment, asserting that there was no evidence of the breach and 
causation elements of Sanders’s claim.
        Sanders 
filed a response to appellees’ summary judgment motion, to which he attached 
evidence, including the affidavit of Dennis Fetzer, his expert witness.  
Appellees objected to Sanders’s evidence.  After giving Sanders the 
opportunity to supplement his summary judgment evidence, the trial court 
sustained appellees’ objections to Fetzer’s affidavit and granted appellees 
a no-evidence summary judgment on Sanders’s claims.  This appeal 
followed.
        In 
his second issue, Sanders complains that the trial court abused its discretion[2] by sustaining appellees’ objections to Fetzer’s 
affidavit.  Appellees objected to Fetzer’s affidavit on several grounds, 
including that Fetzer was not qualified as an expert witness, that his opinions 
were not reliable, and that his conclusory opinions concerning proximate cause 
were not evidence.
        Sanders 
does not address any of these objections on appeal. Instead, he simply argues 
that Fetzer’s affidavit was admissible because it was “confined to the 
relevant issues[,] . . . based on proper legal concepts[, and] . . . will assist 
the trier of fact to understand the evidence and determine the facts in 
issue.”[3]   We do not reach the issue of 
whether Fetzer’s affidavit was relevant because the threshold issues—whether 
Fetzer was qualified to opine concerning the cause of injury and whether his 
opinions are reliable[4] —are waived due to 
inadequate briefing.  Sanders does not contend that Fetzer was qualified to 
opine concerning the cause of injury, nor does he provide any argument or legal 
authority for his one-phrase contention that Fetzer’s opinions are reliable.[5]   Accordingly, we overrule Sanders’s second 
issue.
        In 
his first issue, Sanders complains that the trial court erred in granting 
appellees a no-evidence summary judgment because the summary judgment evidence 
raised a genuine issue of material fact concerning whether appellees’ 
negligence caused Sanders’s injuries.
        After 
an adequate time for discovery, the party without the burden of proof may, 
without presenting evidence, move for summary judgment on the ground that there 
is no evidence to support an essential element of the nonmovant's claim or 
defense.[6]   The motion must specifically 
state the elements for which there is no evidence.[7]    
The trial court must grant the motion unless the nonmovant produces summary 
judgment evidence that raises a genuine issue of material fact.[8]
        We 
review the evidence in the light most favorable to the party against whom the no 
evidence summary judgment was rendered.[9]   
If the nonmovant brings forward more than a scintilla of probative evidence that 
raises a genuine issue of material fact, then a no evidence summary judgment is 
not proper.[10]
        The 
common law doctrine of negligence consists of three elements: 1) a legal duty 
owed by one person to another; 2) a breach of that duty; and 3) damages 
proximately resulting from the breach.[11]   
Appellees moved for a no-evidence summary judgment on the breach and proximate 
cause elements of Sanders’s negligence claim.
        To 
establish proximate cause, the plaintiff must prove foreseeability and 
cause-in-fact.[12]   The test for 
foreseeability is whether a person of ordinary intelligence would have 
anticipated the danger his or her negligence created;[13]  
however, the person need not have anticipated the specific injury that occurred.[14]  Cause-in-fact means that the act or omission was a 
substantial factor in producing the injury and without which the harm would not 
have occurred.[15]   When the failure to 
provide a safe workplace, equipment, or manpower is alleged as the cause of a 
lifting injury, medical or expert testimony is required to link the omission to 
the injury.[16]   The employee’s 
testimony regarding these alleged failures as causes of injury is mere 
conjecture and cannot be used to show proximate cause.[17]
        In 
this case, although Sanders alleged that appellees failed to warn, train, or 
properly supervise him, there is no competent evidence that appellees failed to 
do these things.[18]   Moreover, Sanders 
testified by affidavit that he had worked in the construction business and 
around construction materials for over twenty years, and he opined regarding the 
equipment or manpower appellees should have provided to enable him to lift the 
post safely.  Although employee opinions generally are not evidence of 
causation,[19] Sanders’s testimony is, if anything, 
evidence that he knew of the dangers associated with lifting a treated post and 
how to do it safely.  Therefore, Sanders has not raised a fact issue 
concerning whether appellees’ alleged failure to warn, supervise, or train him 
caused his injuries.
        Further, 
there is no medical or other expert testimony linking appellees’ alleged 
failures to provide a safe workplace or adequate manpower or equipment to 
Sanders’s injuries.  Sanders contends that medical opinion testimony 
regarding the cause of his injuries is contained in a January 2000 letter from 
Dr. Roland F. Chalifoux, Jr., a neurosurgeon, to Dr. Jeanine Thomas, Sanders’s 
treating physician.  The letter shows, however, that Dr. Chalifoux’s 
“opinion,” regarding the cause of Sanders’s injuries is not his expert 
opinion at all, but is based entirely on Sanders’s self-reporting.
        For 
example, Dr. Chalifoux’s letter states, “The patient presents today after 
undergoing a work related injury at Home Depot. Apparently, he suffered 
injuries while lifting a heavy object.  It was a fence post that weighed 
approximately 75 . . . lbs.” [Emphasis supplied.]  This equivocal 
language is not medical opinion based on a reasonable medical probability, which 
is what is required to establish causation.[20]  
Moreover, Dr. Chalifoux’s letter offers no opinion concerning whether 
Sanders’s injuries could have been avoided through the use of additional 
manpower or equipment.
        For 
the foregoing reasons, we hold that Sanders’s summary judgment evidence does 
not raise a fact issue regarding the cause of his injuries.  Therefore, the 
trial court properly granted appellees a no-evidence summary judgment on the 
causation element of Sanders’s negligence claim.[21]   
We overrule Sanders’s first issue and affirm the trial court’s judgment.[22]
  
   
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
  
PANEL A:   CAYCE, 
C.J.; HOLMAN and GARDNER, JJ.
 
DELIVERED: May 12, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Nat’l Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 
2000) (holding that decision to exclude evidence is within trial court's sound 
discretion).
3.  
See Tex. R. Evid. 702, 704; 
see also Birchfield v. Texarkana Mem’l Hosp., 747 S.W.2d 361, 365 (Tex. 
1987) (holding that expert may state opinion on mixed question of law and fact 
as long as opinion is confined to relevant issues and based on proper legal 
concepts).
4.  
See Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 720 (Tex. 1997) 
(holding that plaintiff must present reliable evidence to establish fact issue 
regarding causation), cert. denied, 523 U.S. 1119 (1998); E.I. du Pont 
de Nemours & Co. v. Robinson, 923 S.W.2d 549, 553-54 (Tex. 1995) 
(stating that trial courts must ensure that expert testimony is reliable before 
admitting it); see also Tex. R. 
Evid. 705(c) (precluding admission of expert opinion that is not based on 
a reliable foundation).
5.  
See Tex. R. App. P. 33.1(h) 
(providing that appellate brief must contain clear, concise argument for 
contentions made, with appropriate citations to legal authorities); Fredonia 
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994) 
(citing long-standing rule that error may be waived by inadequate briefing).
6.  
Tex. R. Civ. P. 166a(I).
7.  
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207 (Tex. 
2002).
8.  
See Tex. R. Civ. P. 166a(i) 
& cmt.; S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 
2002).
9.  
King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. 
denied, 124 S. Ct. 2097 (2004); Johnson, 73 S.W.3d at 197; Morgan 
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000).
10.  
Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, 
pet. denied).
11.  
Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990); 
Seaway Prods. Pipeline Co. v. Hanley, 153 S.W.3d 643, 649 (Tex. 
App.—Fort Worth 2004, no pet.).
12.  
Leitch v. Hornsby, 935 S.W.2d 114, 118-19 (Tex. 1996).
13.  
S.W. Key Program, Inc. v. Gil-Perez, 81 S.W.3d 269, 274 (Tex. 2002).
14.  
Lawrence v. City of Wichita Falls, 122 S.W.3d 322, 329 (Tex. App.—Fort 
Worth 2003, pet. denied).
15.  
Seaway Prods. Pipeline Co., 153 S.W.3d at 657.
16.  
Leitch, 935 S.W.2d at 119; Lewis v. Randall’s Food & Drug, L.P., 
No. 14-03-00626-CV, 2004 WL 1834290, at *5 (Tex. App.—Houston [14th Dist.] 
Aug. 17, 2004, no pet.) (mem. op.); Collins v. Baptist Hosp. of S.E. Tex., 
No. 09-98-00069-CV, 2000 WL 84881, at *2 (Tex. App.—Beaumont Jan. 27, 2000, no 
pet.) (not designated for publication).
17.  
Barraza v. Eureka Co., 25 S.W.3d 225, 232 (Tex. App.—El Paso 2000, pet. 
denied).
18.  
Sanders asserts that Fetzer testified regarding appellees’ failings in these 
areas; however, because we have concluded that the trial court was within its 
discretion in striking Fetzer’s affidavit testimony, we will not consider 
Fetzer’s affidavit in determining the propriety of the no-evidence summary 
judgment.
19.  
See Barrazza, 25 S.W.3d at 232. Sanders does not claim to be an expert.
20.  
See Park Place Hosp. v. Estate of Milo, 909 S.W.2d 508, 511 (Tex. 1995); Lenger 
v. Physician’s Gen. Hosp., Inc., 455 S.W.2d 703, 706 (Tex. 1970); Marvelli 
v. Alston, 100 S.W.3d 460, 470 (Tex. App.—Fort Worth 2003, pet. denied).
21.  
See Tex. R. Civ. P. 166a(I) 
& cmt.; S.W. Elec. Power Co., 73 S.W.3d at 215.
22.  
Appellees contend that Patterson is not liable to Sanders because Patterson 
breached no independent duty owed to him.  We do not reach this 
argument—or appellees’ issue regarding Sanders’s other summary judgment 
evidence—because they are not necessary to our disposition of the 
appeal.  See Tex. R. App. P. 
47.1.