NUMBER
13-09-00110-CV

 

                                        COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 



BERNARD
BUECKER, ADMINISTRATOR OF THE

ESTATE
OF CHRISTINE WESNER STANDIFER,                    Appellant,

 

v.

 

WILLIAM
L. HARDWICK AND STATE

FARM
FIRE & CASUALTY COMPANY,                                              Appellees.

                                                                      

 



On appeal from the County Court 

of Live Oak County, Texas.

                                                                  

 

MEMORANDUM OPINION

 

                      Before
Justices Garza, Benavides, and Vela

                      Memorandum
Opinion by Justice Benavides

 

Appellant Bernard Buecker,
administrator of the estate of Christine Wesner Standifer, filed a negligence
case against the former temporary administrator of the estate, William L.
Hardwick, and his bonding insurance agency, State Farm Fire & Casualty
Company.[1]
 Buecker claimed Hardwick was negligent when he failed to file a medical
malpractice action on behalf of the estate against Joseph C. Roell, M.D. before
the statute of limitations expired.  By five issues, Buecker contends the trial
court abused its discretion or erred when it:  (1) denied Buecker’s motion for
continuance; (2) struck his affidavit; (3) struck the affidavit of Matthew
Hoffman, M.D.; (4) granted Hardwick’s no-evidence motion for summary judgment;
and (5) denied Buecker’s motion for a new trial.  We affirm.

I.  Background

            The
decedent, Standifer, died on March 2, 2000.  Standifer’s last will and
testament named her physician, Dr. Roell, as the personal representative of her
estate.  Standifer’s nephew, Michael Gollmer, contested Standifer’s will.[2] 
Gollmer filed a petition in intervention, which he later amended, alleging that
Standifer’s will was a forgery, that Dr. Roell “caused [Standifer’s] death by
over[-]prescribing drugs,” and challenged Dr. Roell’s appointment as
Standifer’s estate administrator.  Gollmer’s lawsuit further alleged that Dr.
Roell’s appointment was a conflict of interest as Standifer’s “estate ha[d] a
claim against Dr. Roell for malpractice and negligence.”   

            While Standifer’s will was being contested, the
probate court appointed Hardwick as temporary administrator of Standifer’s
estate.  Hardwick’s temporary appointment lasted for six months from June 28,
2001 to December 29, 2001.  Hardwick was re-appointed on March 6, 2002 to serve
indefinitely as the temporary administrator; accordingly, no one represented
Standifer’s estate between December 29, 2001 and March 6, 2002.  Any potential
health care liability lawsuit that Standifer’s estate might have pursued
expired two years after Standifer’s death on March 2, 2002, at a time when
there was no appointed administrator to pursue any possible claim.[3]
     

            Also during this time, the Texas State Board of
Medical Examiners[4]
conducted a confidential investigation into Dr. Roell’s medical practices.  On
August 16, 2002, the Board issued a Final Order revoking Dr. Roell’s license to
practice medicine in the State of Texas.  The Final Order maintained the
confidentiality of all of Dr. Roell’s patients whose care was investigated by
referring to them by initials only and not by name.  Notably, there was one
patient referenced as C.W.S.—the same initials as the deceased in this case.   


Hardwick was discharged as
temporary administrator of the estate and Buecker was appointed on December 31,
2002.  Four years later, in December of 2006, Buecker filed a lawsuit against
Hardwick and his surety, State Farm Fire & Casualty Company, alleging that
Hardwick was negligent for failing to pursue a health care liability claim
against Dr. Roell.  In October of 2008, Buecker filed a motion for continuance,
which the trial court denied.  At the same time, Hardwick filed a motion for a
no-evidence summary judgment.  Buecker filed a response to this motion and
included two affidavits, his own and one from Matthew Hoffman, M.D., to attempt
to raise a genuine issue of material fact on the viability of a medical
malpractice claim.  The trial court struck the proffered affidavits and granted
the no-evidence motion for summary judgment.  Buecker then filed a motion for
new trial, which was denied by operation of law.  This appeal followed.  

II. Analysis

A.        The Motion for Continuance

By his first issue,
Buecker claims the trial court abused its discretion when it denied his motion
for continuance.

1.   
Standard of Review

Texas Rule of Civil Procedure 251 provides
that a trial court may grant a continuance only for “sufficient cause supported
by affidavit, or by consent of the parties, or by operation of law.”  Tex. R. Civ. P. 251.  The decision to
grant or deny a motion for continuance is within the sound discretion of the
trial court.  BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 800
(Tex. 2002).  A trial court’s denial of a motion for continuance will not be
disturbed unless the trial court has committed a clear abuse of discretion.  Id.;
Joe v. Two Thirty-Nine J.V., 145 S.W.3d 150, 161 (Tex. 2004).  Reversal
of the lower court’s decision should occur if the record reflects “that the
trial court has disregarded the party’s rights.”  Yowell v. Piper Aircraft
Corp., 703 S.W.2d 630, 635 (Tex. 1986); Dallas Indep. Sch. Dist. v.
Finlan, 27 S.W.3d 220, 235 (Tex. App.–Dallas 2000, pet. denied).  An
appellate court may reverse for abuse of discretion only when, after examining
the entire record, it determines the trial court’s ruling was arbitrary and
unreasonable.  Simon v. York Crane & Rigging Co., 739 S.W.2d 793,
795 (Tex. 1987).

2.    Analysis

Here, Buecker argues that the trial
court should have granted the motion for continuance because he did not have
enough time to conduct discovery.  In particular, Buecker moved for the
continuance because he wanted to take the deposition of Keith Miller, M.D.  Dr.
Miller had apparently testified against Dr. Roell in an administrative law
hearing before the Texas Board of Medical Examiners in 2001.  Buecker argued
that despite his “diligent attempts” at scheduling Dr. Miller’s deposition in
the underlying case, he had been unable to do so and needed additional time.  

The record, however, does not
support this argument.  The underlying case was filed on December 29, 2006. 
When Buecker filed his motion for continuance in October of 2008, the parties
had exchanged written discovery and had taken the deposition of Hardwick.  In
light of the fact that Buecker had two years to conduct discovery, and, in fact,
did conduct discovery (including depositions), we cannot say that the trial
court abused its discretion when it denied Buecker’s motion for continuance.  See
BMC Software Belg., 83 S.W.3d at 800-01.  The ruling was not arbitrary or
unreasonable.  See Simon, 739 S.W.2d at 795.  We overrule Buecker’s
first issue.




 

B.        The Affidavit of Bernard Buecker

1.    Standard
of Review and Applicable Law

By his second issue, Buecker also
argues that the trial court abused its discretion when it struck his own
affidavit filed in response to Hardwick’s no-evidence motion for summary judgment. 
Pursuant to Texas Rule of Civil Procedure 166a(f), summary judgment affidavits
“shall be made on personal knowledge, shall set forth such facts as would be
admissible in evidence, and shall show affirmatively that the affiant is
competent to testify to the matters stated therein.”  Tex. R. Civ. P. 166a(f).  To have probative value, an affiant
“must swear that the facts presented in the affidavit reflect his personal
knowledge.”  Kerlin v. Arias, 274 S.W.3d 666, 668 (Tex. 2008) (citing In
re E.I. DuPont de Nemours & Co., 136 S.W.3d 218, 224 (Tex. 2004)).  An
affiant's belief about the facts is legally insufficient.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 122 (Tex. 1996); Brownlee v.
Brownlee, 665 S.W.2d 111, 112 (Tex. 1984) (emphasis added).  “Rulings
concerning the admission or exclusion of summary judgment evidence are reviewed
under an abuse of discretion standard.”  Barraza v. Eureka Co., 25
S.W.3d 225, 228 (Tex. App.–El Paso 2000, pet. denied).  

2.  Analysis

Hardwick objected to Buecker’s
affidavit, filed in response to a motion for a no-evidence summary judgment, on
the grounds that it was “rife with hearsay statements,” contained
“inconsistencies,” and was not clear or direct.  Buecker’s affidavit, in
relevant part, stated the following:

I began my
investigation some weeks to a month after Ms. Standifer died.  This involved
talking to the deputy sheriff in Live Oak County assigned to the case, the
County in which Ms. Standifer lived and died, Beeville City police officers
where Dr. Roell has his practice and just asking people around the community
and Ms. Standifer’s neighbors.  Through these conversations, I discovered in
the year 2000 that Dr. Roell had a reputation of over[-]prescribing drugs in
his practice and that there were a lot of complaints about his type of
treatment.

 

I discovered later
that year, to the best of my recollection from his ex wife, that an action had
begun against him by the Texas State Board of Medical Examiners, regarding the
treatment of his patients.  

 

On or about January
15th, 2002, by request, I received . . . [documentation] which stated that
Christine Standifer died of a drug overdose.  

 

Buecker’s affidavit appears to rely
upon hearsay statements from an unnamed deputy sheriff and numerous unnamed
police officers and neighbors to form his opinion that Dr. Roell committed
medical malpractice when treating Standifer.  These second-hand statements
belie Buecker’s representation that Dr. Roell’s alleged deficient medical
treatment of Standifer is within Buecker’s “personal knowledge.”  Furthermore,
there is no statement in the affidavit which verifies that all the statements
made are true.  See Humphreys v. Caldwell, 888 S.W.2d 469, 470-71 (Tex.
1994) (holding that an affidavit was legally insufficient because there was “no
representation whatsoever that the facts disclosed therein [were] true.”).  

In light of Buecker’s reliance on
hearsay statements and his failure to state that his facts were true, we cannot
say that it was an abuse of discretion for the trial court to strike Buecker’s
affidavit.  Barraza, 25 S.W.3d at 228; see also Tex. R. Civ. P. 166a(f).   The ruling
was not arbitrary or unreasonable in light of the affidavit’s noted flaws.  Simon,
739 S.W.2d at 795.  We overrule Buecker’s second issue.




 

C.        The Affidavit of
Matthew Hoffman, M.D.

In his third issue, Buecker
complains that the trial court wrongly struck the affidavit of Matthew Hoffman,
M.D., which was also submitted in response to Hardwick’s no-evidence motion for
summary judgment.  In his affidavit, Dr. Hoffman, a Georgia physician who is
board certified by the American Board of Internal Medicine, opined that Dr.
Roell failed to meet the standard of care when treating Standifer.  Dr. Hoffman
concluded, among other things, that Dr. Roell’s continuous treatment of
Standifer with highly addictive pain medications contributed to her demise and
ultimate death.  In response, Hardwick objected that Hoffman’s affidavit was
improper because he was not timely designated as an expert per the court’s Docket
Control Order.  The trial court sustained Hardwick’s objections and struck Dr.
Hoffman’s affidavit.

1.    Standard
of Review and Applicable Law

“Under rule 193.6, discovery that
is not timely disclosed and witnesses that are not timely identified are inadmissible
as evidence.”  Fort Brown Villas III Condo. Ass’n Inc. v. Gillenwater,
285 S.W.3d 879, 881 (Tex. 2009); see also Tex. R. Civ. P. 193.6(a).  “A party who fails to timely
designate an expert has the burden of establishing good cause or a lack of
unfair surprise or prejudice before the trial court may admit the evidence.”  Gillenwater,
285 S.W.3d at 881 (citing Tex. R. Civ. P.
193.6(a)).  In Gillenwater, the Texas Supreme Court held that
evidentiary rules, such as Rule 193.6 which deals with the exclusion of expert
evidence, apply equally in trial and summary judgment proceedings.  Id. 
Consequently, the evidence presented at the summary judgment stage should be
the same as the evidence presented at trial.  Id. at 882.  “A trial court’s
exclusion of an expert who has not been properly designated can be overturned
only upon a finding of abuse of discretion.”  Id. at 881 (citing Mentis
v. Barnard, 870 S.W.2d 14, 16 (Tex. 1994)).  

2.    Analysis

As noted earlier, the underlying
case was filed on December 29, 2006.  Pursuant to the case’s Docket Control
Order, Buecker’s deadline for the designation of experts was August 1, 2008. 
He missed this deadline.  In addition, his responses to Hardwick’s Request for
Disclosure did not reference an expert.  Instead, his response confusingly
indicated that his experts were, “The State Board of Medical Examiner’s
positions engaged in a suit against Dr. Roell.”  Hoffman’s expert opinions were
produced for the first time on October 1, 2008—two months after the expert designation
deadline and eight years after the alleged malpractice occurred against
Standifer.  Because Rule 193.6 allows a trial court to exclude an untimely
expert affidavit in summary judgment proceedings, we hold that the trial court
did not abuse its discretion in striking Hoffman’s affidavit.  See id.
at 882.  We overrule Buecker’s third issue.

A.          
The No-Evidence Motion for Summary Judgment

Buecker also appealed
the trial court’s granting of Hardwick’s no-evidence motion for summary judgment.

1.   
Standard of Review

Under a summary judgment filed
under Rule 166a(i), the appellate court reviews the evidence in the light most
favorable to the party against whom the summary judgment was rendered,
disregarding all contrary evidence and inferences. Tex. R. Civ. P. 166a(i); Merrell Dow Pharm., Inc. v.
Havner, 953 S.W.2d 706, 711 (Tex. 1997); Whalen v. Condo Consulting
& Mgmt. Servs., Inc., 13 S.W.3d 444, 446 (Tex. App.–Corpus Christi
2000, pet. denied).  The nonmovant need not "marshal its proof";
instead, it need only point out evidence that raises a fact issue on the challenged
elements.  Tex. R.
Civ. P. 166a(i).  When a motion for summary judgment is based on no
evidence grounds,

1. the no-evidence
motion can only be brought against “a claim or defense on which an adverse
party would have the burden of proof at trial,”


2. “the motion must state the elements as to which there is no evidence,”


3. “the motion must be specific in challenging the evidentiary support for an
element of a claim,” 


4. “paragraph (i) does not authorize conclusory motions or general no-evidence
challenges to an opponent's case,”


5. "its response need only point out evidence that raises a fact issue on
the challenged element”; and


6. "the respondent is not required to marshal its proof." 

 

See Oasis
Oil Corp. v. Koch Ref. Co., 60 S.W.3d 248, 250 (Tex. App.–Corpus Christi
2001, pet. denied) (internal citations omitted).  

The non-movant must
produce summary judgment evidence raising a genuine issue of material fact to
defeat the summary judgment under Rule 166a(i).  Tex. R. Civ. P. 166a(i); Ford Motor Co. v. Ridgway,
135 S.W.3d 598, 600 (Tex. 2004).  A genuine issue of material
fact exists if more than a scintilla of evidence establishing the existence of
the challenged element is produced.  Ridgway, 135 S.W.3d at 600 (citing Morgan
v. Anthony, 27 S.W.3d 928, 929 (Tex. 2000)).  

2.  Analysis

After Hardwick filed his
no-evidence motion for summary judgment, Buecker had the burden to bring to the
court a scintilla of summary judgment evidence to raise a fact question
regarding the existence of a viable health care liability claim.  Id. 
Upon review of the record, we find that the trial court did not abuse its
discretion when it determined that Buecker failed to raise a fact issue.  Buecker’s
only evidence—his own affidavit and Dr. Hoffman’s affidavits—did not constitute
competent evidence and were struck.  Thus, Buecker, as the non-movant, failed
to meet his burden.  

Moreover, there was no competent
evidence that Hardwick, during his short stint as temporary administrator of
the Standifer estate, had support for filing a health care liability lawsuit
before the expiration of the statute of limitations on March 2, 2002.  We
acknowledge that the Texas State Board of Medical Examiners was conducting a
confidential investigation into Dr. Roell’s medical practice while Hardwick was
temporary administrator.  However, Buecker presented no evidence to the court
that Hardwick was aware of this confidential investigation, much less evidence
establishing its relevance (if any) to Standifer’s estate.  When the Board of
Medical Examiners issued its final order which revoked Dr. Roell’s medical
license on August 16, 2002, the statute of limitations for any viable claim had
already expired.   The revocation order did not name Standifer.  Although the
order referenced a patient with Standifer’s initials, this alone was not enough
to raise a fact question regarding Dr. Roell’s alleged duty, breach of care,
causation, or damages to Standifer.  

We cannot say that the trial court
erred when it granted Hardwick’s no-evidence motion for summary judgment. 
Simply stated, there was no competent evidence that showed Hardwick was
negligent by not filing a health care liability suit on behalf of Standifer’s
estate against Dr. Roell.  Ridgway, 135 S.W.3d at 600.  We overrule
Buecker’s fourth issue.

B.          
The Motion for a New Trial

Buecker’s final issue appeals the trial
court’s denial of his motion for a new trial, which was overruled by operation
of law.  See Tex. R. Civ. P.
329b(c) (providing that a motion for a new trial is overruled by operation of
law if a ruling on the motion is not signed within seventy-five days after the
final judgment was signed).  

1.  Standard of Review and Applicable
Law

“A motion for new trial must, by its
very nature, seek to set aside an existing judgment and request relitigation of
the issues.”  Barry v. Barry, 193 S.W.3d 72, 74 (Tex. App.–Houston [1st
Dist.] 2006, no pet.).  Under Rule 320, a new trial may be granted “for
good cause, on motion, or on the court’s own motion.”  Tex. R. Civ. P. 320.  The trial court has broad discretion in
granting a new trial.  In re Columbia Med. Ctr., 290 S.W.3d 204, 210
(Tex. 2009).  The test for an abuse of discretion is whether the trial court
acted without reference to any guiding rules or principles, leading to a result
that is arbitrary and unreasonable.  See Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241 (Tex. 1985).

2.  Analysis

Here, Buecker’s motion for new trial and
amended motion for new trial did not present any new grounds for argument. 
Instead, the motions merely re-submitted the affidavits of Buecker and Dr.
Hoffman, which we have already held were struck within the court’s proper
discretion.  The amended motion for new trial also relied on the Texas Board of
Medical Examiners’ revocation of Dr. Roell’s license as a basis to support a
health care liability claim.  Even assuming this represented notice that a
health care liability lawsuit might be warranted, it was issued five months
after the statute of limitations expired.  Given these unchanged circumstances,
it was well within the trial court’s discretion to implicitly deny the motion
for new trial by not ruling on it.  We overrule Buecker’s final issue.  

III. Conclusion

            Having overruled all of Buecker’s issues
on appeal, we affirm the trial court’s decision.  

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

24th day of February, 2011. 

 

 









[1]
Our court issued a related opinion to this case in 2009.  See Buecker v. Roell,
No. 13-07-00515-CV, 2009 Tex. App. LEXIS 9058 (Tex. App.—Corpus Christi Nov.
24, 2009) (mem. op.).   Although some of the facts and parties are the same,
the causes of action and issues on appeal we addressed in Buecker v. Roell
are significantly different from this case.  

 





[2]
Gollmer was also identified as Standifer’s half-brother in a different
part of the record.





[3]
 Because Standifer’s estate would have filed a medical malpractice
lawsuit prior to 2003, section 4590i of the Texas Revised Civil Statutes would
have governed the lawsuit.  See Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (Vernon 2002).  Section 4590i
has now been codified in the Texas Civil Practices and Remedies Code.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.251 (Vernon 2010) (“no health care liability claim may be commenced unless
the action is filed within two years from the occurrence of the breach or tort
or from the date the medical or health care treatment that is the subject of
the claim or the hospitalization for which the claim is made is completed. . .
.”).  

 





[4]
The Texas State Board of Medical Examiners was renamed the Texas Medical Board
in 2007.