In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00154-CV
_____

NELL A. BUSTAMANTE, Appellant

V.

MOAK DEVELOPMENTS, LLC D/B/A SERVICEMASTER
BY CENTURY, SERVICEMASTER CLEAN/RESTORE
SPE LLC, SERVICEMASTER RESIDENTIAL/COMMERCIAL
SERVICES, LP, AND SM CLEAN LLC, Appellees

On Appeal from the 284th District Court
Montgomery County, Texas
Trial Cause No. 20-06-07428-CV

## MEMORANDUM OPINION

Appellant Nell A. Bustamante ("Bustamante," "Appellant," or "Plaintiff") appeals the trial court's final judgment granting summary judgment in favor of Appellees Moak Developments, LLC d/b/a ServiceMaster by Century, ServiceMaster Clean/Restore SPE LLC, ServiceMaster Residential/Commercial

Services, LP, and SM Clean LLC (collectively "Appellees" or "Defendants"). We affirm the trial court's judgment.

Background[1]

According to Bustamante's Fifth Amended Petition, the live petition at the time the trial court signed its Final Judgment Order on Defendants' Motions for Summary Judgment ("Final Judgment"), Bustamante's property flooded on September 19, 2019, during a storm. Bustamante alleges she hired Moak Developments, LLC d/b/a ServiceMaster by Century ("Moak") to perform water damage restoration at her property. Moak's on-site manager inspected the property on September 22, 2019, and informed Bustamante there was no mold, a conclusion she was allegedly not qualified or licensed to make. Bustamante alleges that after Moak completed the restoration services and "assured [Bustamante] that everything had been taken care of[,]" on September 27, 2019, Bustamante discovered what she believed to be mold. According to the petition, another company completed a mold assessment and determined that the house was uninhabitable due to toxic mold. Bustamante asserts that Moak failed to follow proper procedures, increased the spread of the mold throughout the property by using fans and blowers, and failed to properly assess and remediate the property, which led to the spread of toxic mold

---

[1] When possible, we have limited our discussion to the pleadings, procedural information, and factual allegations relevant to our disposition.

throughout the property. The petition alleges that ServiceMaster Clean/Restore SPE LLC, ServiceMaster Residential/Commercial Services, LP, and SM Clean LLC (collectively "ServiceMaster") are franchisors of Moak, control every aspect of Moak's business, and are vicariously responsible for Moak's actions. Bustamante asserts claims against the Defendants for fraud, fraud by nondisclosure, fraudulent inducement, negligence, negligent misrepresentation, as well as violations of the Texas Deceptive Trade Practices Act ("DTPA").

After the Defendants filed their Answers, Bustamante filed Plaintiff's Motion for Partial Summary Judgment on DTPA Liability Against Moak Developments LLC and ServiceMaster Residential/Commercial Services LP ("Plaintiff's Motion for Partial Summary Judgment"). Moak and ServiceMaster Residential/Commercial Services, LP filed Responses, and the trial court denied Bustamante's motion.

ServiceMaster filed a Traditional Motion for Partial Summary Judgment on the Affirmative Defense of Statute of Limitations, and the motion was set on the submission docket for March 3, 2023. ServiceMaster also filed a Traditional Motion for Summary Judgment on All of Plaintiff's Causes of Action, and the motion was set on the March 17, 2023 submission docket. Defendants then filed a Traditional Motion for Summary Judgment and also a Motion for a No-Evidence Summary Judgment. Defendants' Traditional Motion for Summary Judgment and for No-Evidence Summary Judgment were set on the March 10, 2023 submission docket.

3

In Defendants' No-Evidence Motion for Summary Judgment, the Defendants argue they are entitled to a final summary judgment against Bustamante on all her causes of action, and there is no evidence of one or more of the elements of Bustamante's DTPA, fraud, fraud by non-disclosure, fraudulent inducement, negligence, and negligent misrepresentation claims.

On March 9, 2023, the day before the trial court's submission on Defendants' Traditional and No-Evidence Motions for Summary Judgment, Bustamante filed Plaintiffs' Request for Continuance of Defendants' Summary Judgment Motions and Objection to Summary Judgments (hereinafter "Response"). Bustamante asked the trial court not to rule on the traditional and no-evidence motions for summary judgment filed by the Defendants, and in the alternative, Bustamante includes seven paragraphs in her Response to the motions. She included different headings for the seven paragraphs. One heading in her Response states it is her "Response to Joint No-Evidence MSJ[,]" and under that heading her entire argument is as follows:

> Plaintiff incorporates for reference as if fully set forth herein Plaintiff's Motion for Partial Summary Judgment on DTPA Liability Against Moak Developments LLC and ServiceMaster Residential/ Commercial Services LP ("Plaintiffs MPSJ"), which sets forth the evidence of each element of Plaintiff's claims. As spelled out in that motion, Moak and the SM Defendants corporate rep judicially admitted that the SM Defendants advertise professional mold inspections on behalf of Moak knowing that Moak does not have the license to do so. Similarly, Moak and the SM Defendants corporate rep judicially admitted that the SM Defendants advertise illegal comprehensive assessment and remediation services on behalf of Moak. Moak and the

4

SM Defendants fraudulent advertising, when they knew it was fraudulent, is sufficient to pass summary judgment.

While Plaintiffs' motion was against Moak and SM LP only, the deposition of SM LP and Servicemaster Clean / Restore SPE LLC ("SM SPE") corporate representative, Peter Duncanson ("Mr. Duncanson"), revealed them to be one and the same. Duncanson understood that he was to distinguish his answers if between the entities if needed.[1] Duncanson testified that he had the same job title and responsibilities for SM LP and SM SPE, including training new franchise owners.[2] Notably, Duncanson referenced Moak as a franchisee of both during the entire deposition. Further, as previously discussed, neither SM SPE or SM Clean LLC ever served a response to disclosures in this case. Summary judgment should not be granted until they have provided Plaintiffs with the required information, and until Plaintiff has had enough time to investigate that information.

1 *See* Plaintiffs' MPSJ DTPA Liability Moak and SM LP at Exhibit 3 p.7 ("Q" And so as the senior director of training –and I'm just going to call both entities together ServiceMaster for now. If you need to distinguish between, if there's a difference in your or if any question needs to be distinguished, just let me know okay? **A:** Okay.").
2 *See* Id. at p.6-7.

In its Final Judgment signed on March 17, 2023, the trial court stated that it considered and granted ServiceMaster's Traditional Motion for Partial Summary Judgment on the Affirmative Defense of Statute of Limitations (set on the trial court's March 3, 2023 submission docket); Moak and ServiceMaster's Motion for No-Evidence Summary Judgment (set on the trial court's March 10, 2023 submission docket); Moak and ServiceMaster's Traditional Motion for Summary Judgment (set on the trial court's March 10, 2023 submission docket); and ServiceMaster's Traditional Motion for Summary Judgment on All of Plaintiff's

Causes of Action (set on the trial court's March 17, 2023 submission docket). The Final Judgment noted that on March 9, 2023, Bustamante filed her Response consisting of ten paragraphs that includes her "Request for Continuance of Summary Judgment Motions[,]" "Response to Joint No Evidence MSJ[,]" "Response to Traditional MSJ on Insurance Subrogation Issue[,]" and "Response to Traditional MSJ on Agency Issue[.]" The trial court uses footnotes in the Final Judgment to discuss each of these. As to the portion of the Response subtitled "Request for Continuance of Summary Judgment Motions" the trial court noted in its Final Judgment that Bustamante "failed either to get a setting for the [trial] [c]ourt to consider that request or to send a notice related to consideration of such motion at a hearing or by submission." As to the portion of the Response subtitled "Response to Joint No Evidence MSJ" the trial court noted the following:

> In this part of the pleading, comprised of two paragraphs, Plaintiff stated:
>
>> Plaintiff incorporates for reference as if fully set forth herein Plaintiff's Motion for Partial Summary Judgment on DTPA Liability Against Moak Developments LLC and ServiceMaster Residential / Commercial Services LP ("Plaintiff['s] MPSJ"), which sets forth the evidence of each element of Plaintiff['s] claims.[]
>
> It is Plaintiff's responsibility to point to specific evidence in a response to a Motion for Summary Judgment; it is not the [trial] [c]ourt's responsibility to search for such evidence. *See Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 81 (Tex. 1989) (general references to record did not direct the court to evidence on which the movant relied); *Guthrie v.*

6

*Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ) (no abuse of discretion for a court to fail to consider summary judgment evidence to which it was not directed); *Blake v. Intco Invs. of Tex., Inc.*, 123 S.W.3d 521, 525 (Tex. App.—San Antonio 2003, no pet.) ("The trial court was not required to search the record for evidence raising a material fact issue without more specific guidance from Blake."); *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989) (movant's reliance upon "the depositions and exhibits on file" was insufficient to direct court to evidence). Here, Plaintiff referred generally that:

> Moak and the [] Defendants['] corporate rep judicially admitted that the [] Defendants advertise professional mold inspections on behalf of Moak knowing that Moak does not have the license to do so. Similarly, Moak and the [] Defendants['] corporate rep judicially admitted that the [] Defendants advertise illegal comprehensive assessment and remediation services on behalf of Moak.

Plaintiff then concluded with neither argument nor explanation that the above passage, with no evidence cited therein, was "sufficient to pass summary judgment." In the next paragraph, Plaintiff did provide specific cite references, but only for the proposition that all four defendants are "one and the same." Though the [trial] [c]ourt disagrees that the cited evidence proves that point, even if it did, Plaintiff still failed to cite any evidence in support of the elements of each of her claims under attack in "*Defendants['] [] Motion for No-Evidence Summary Judgment*".

Bustamante filed a Motion for Reconsideration of the Court's Final Judgment/Order on Defendants' Motions for Summary Judgment ("Motion for Reconsideration"). As for the trial court's grant of Defendants' No-Evidence Motion for Summary Judgment, Bustamante argued in the Motion for Reconsideration that the trial court abused its discretion in not considering Plaintiff's Motion for Partial Summary Judgment, which included exhibits and was incorporated into her

7

Response as allowed by the Texas Rules of Civil Procedure. According to Bustamante, the record confirms that she provided the required guidance to the trial court by properly incorporating Plaintiff's Motion for Partial Summary Judgment into her Response, and even if she had not, simply attaching the exhibits to her Response would have been sufficient to meet her burden of proof to defeat summary judgment. She argued that her 183-page Plaintiff's Motion for Partial Summary Judgment on DTPA Liability was not voluminous. Bustamante cited to *Gallegos v. Johnson*,[2] *Barraza v. Eureka Co.*,[3] and *Simplified Telesys, Inc. v. Live Oak Telecom, L.L.C.*,[4] arguing that in those cases, appellate courts determined that the trial court abused its discretion in not diligently reviewing documents where there was only a general reference to 185 pages of deposition transcripts, a general reference to deposition transcripts and other evidence of 278 pages, and a general reference to a 205-page reporter's record, respectively.

Defendants filed objections and a response, as well as a supplemental response, to Bustamante's Motion for Reconsideration. Defendants argued that Bustamante's Motion for Reconsideration imposes no obligation on the trial court to revisit the summary judgments that were granted, and Bustamante discovered no

---

[2] No. 13-07-00603-CV, 2010 Tex. App. LEXIS 1330, at **25-26 (Tex. App.—Corpus Christi–Edinburg Feb. 25, 2010, no pet.) (mem. op.).

[3] 25 S.W.3d 225, 229-30 (Tex. App.—El Paso 2000, pet. denied).

[4] 68 S.W.3d 688, 691 (Tex. App.—Austin 2000, pet. denied).

8

new evidence since the date the trial court rendered final judgment. Citing to *Costanzo v. Texas Advantage Community Bank, N.A.*[5] and *Guthrie v. Suiter*,[6] Defendants argued that the trial court did not abuse its discretion because Bustamante in her Response merely incorporated her prior motion and the motion's exhibits without reference to specific summary judgment evidence to identify any fact issues or specify how any of the exhibits raised any fact issues. Defendants also distinguished cases relied on by Bustamante:

> In this case, the Plaintiff filed 22 different exhibits in support of her January 23, 2023 motion for [partial] summary judgment.[] In her Motion for Reconsideration, the Plaintiff does not argue that she provided sufficient pinpoint citation. Instead she argues that her exhibits are not voluminous because they contain less than 180 pages.[] This statement is a misconstruction of the facts and documents on file.
>
> While it is true that the Plaintiff's exhibits are a total of about 160 printed pages,[] the exhibits include two deposition transcripts that were printed in condensed format (four pages on one sheet) creating roughly 400 pages of deposition transcripts, not 100 pages as represented by Plaintiff. This approaches approximately 460 pages of exhibits and testimony for the Court to comb through without any specific reference to what to look for or discern from the testimony that Plaintiff claims supports denial of Defendants' summary judgments. And it far exceeds or more than doubles the number of pages in the Plaintiff's nonbinding case law where the summary judgment records were 185, 205 and 278 pages. *See Barraza v. Eureka Co.*, 25 S.W.3d 225, 229 (Tex. App.—El Paso 2000, pet. denied) (278 pages); *Simplified Telesys, Inc. v. Live Oak Telecom, L.L.C.*, 68 S.W.3d 688, 692-93 (Tex. App.—Austin 2000, pet. denied) (205 pages); *Gallegos v. Johnson*, No. 13-07-00603-CV, 2010 WL 672934 at *6 (Tex. App.—Corpus Christi 2010, no pet.) (mem. op.) (185 pages).

[5] No. 09-21-00345-CV, 2022 Tex. App. LEXIS 7249, at **9-10 (Tex. App.—Beaumont Sept. 29, 2022, no pet.) (mem. op.).

[6] 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ).

The trial court denied the Motion for Reconsideration. Bustamante appealed.[7]

## Issues on Appeal

In her Amended Appellate Brief, Bustamante raises three issues. In her first issue, she argues the trial court erred in denying her Motion for Partial Summary Judgment on DTPA Liability Against Moak and ServiceMaster Residential/Commercial Services LP. In her second issue, she argues the trial court erred in its March 17, 2023 Final Judgment by dismissing her claims by summary judgment. In her third issue, she argues the trial court erred in denying her Motion for Reconsideration.

## Denial of Bustamante's Motion for Partial Summary Judgment

In her first issue, Bustamante argues the trial court erred in denying her Motion for Partial Summary Judgment on DTPA Liability Against Moak and ServiceMaster Residential/Commercial Services LP. In her Reply Brief, however, she admits that the Order denying her Motion for Partial Summary Judgment is not reviewable by appeal. Before a court of appeals may reverse summary judgment for one party and render judgment for the other party, both parties must ordinarily have sought a final judgment in cross motions for summary judgment. *See CU Lloyd's of*

_____

[7] Bustamante's Amended Notice of Appeal states she is appealing from several trial court orders. Her stated issues on appeal only challenge two orders, the February 17, 2023 Order denying Plaintiff's Motion for Partial Summary Judgment and the March 17, 2023 Final Judgment/Order on Defendants' Motions for Summary Judgment.

*Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998); *Bowman v. Lumberton Indep. Sch. Dist.*, 801 S.W.2d 883, 889-90 (Tex. 1990). Bustamante only sought a partial summary judgment, and she has conceded in her brief on appeal that the denial of her motion for partial summary judgment is not reviewable on appeal. *See Bowman*, 801 S.W.2d at 889-90. We overrule issue one.

Defendants' No-Evidence Summary Judgment

In her second issue, Bustamante argues the trial court erred "by dismissing her claims by summary judgment." One of the summary judgments Bustamante challenges is the trial court's grant of Defendants' No-Evidence Motion for Summary Judgment. Defendants' No-Evidence Motion for Summary Judgment was filed by all Defendants and asserted that Bustamante failed to provide any evidence on the essential elements of each of her claims. We first address Bustamante's arguments as to the trial court's granting of the no-evidence summary judgment.

On appeal, Bustamante argues that "The Final Judgment confirmed that the Trial Court granted [] Bustamante's request for leave of court to consider the late filed response as the contents of the response were discussed in the Final Judgment." According to Bustamante, the trial court erred by granting Defendants' No-Evidence Motion for Summary Judgment because the evidence attached to Plaintiff's Motion for Partial Summary Judgment on DTPA Liability "fulfilled each element of every

11

claim[,]" and that "[e]ach element of every claim is paired with the best evidence presented and discussed" in Plaintiff's Motion for Partial Summary Judgment.

Defendants argue that this Court does not need to reach the merits of the parties' dispute because the trial court did not do so, the trial court did not accept or consider Bustamante's untimely and last-minute efforts to incorporate an earlier pleading and evidence, the trial court properly declined to search the voluminous record for a fact issue, Bustamante failed to show the trial court abused its discretion in declining to do so, and even if the trial court considered the late-filed evidence the Defendants were still entitled to a no-evidence summary judgment because Bustamante failed to raise an issue of material fact on at least one element of each of her claims.

An appellate court reviews a no-evidence summary judgment under the same standard as a directed verdict. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to each challenged element of its cause of action. *Id.* at 582. In reviewing a no-evidence summary judgment, we must consider all the evidence "'in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.'" *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex.

2015) (per curiam) (quoting *Mack Trucks, Inc.*, 206 S.W.3d at 582). A no-evidence summary judgment is properly granted when "'(a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.'" *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact." *Id.* A court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i).

We must initially determine whether the trial court considered Bustamante's untimely response when granting Defendants' Motion for No-Evidence Summary Judgment. The Response filed by Bustamante on March 9, 2023, was not timely filed in response to Defendants' summary judgment motions. "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing [on a motion for summary judgment] may file and serve opposing affidavits or other written response." Tex. R. Civ. P. 166a(c). For an untimely response to be considered by the trial court, leave of court is required. *See id.*; *B.C. v. Steak N Shake*

13

*Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020). Bustamante does not argue that she requested leave of court to file her Response, nor do we find a motion for leave in the record, or any ruling in the record indicating the trial court granted leave for the late filing. "'[W]here nothing appears of record to indicate the late filing of a summary judgment response was with leave of court, it is presumed [the] trial court did not consider the response.'" *B.C.*, 598 S.W.3d at 259 (quoting *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996)). Appellate courts examine the record for "'an affirmative indication that the trial court permitted the late filing[.]'" *Id.* (quoting *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 663 (Tex. App.—Houston [14th Dist.] 2012, pet denied)). An affirmative indication may be indicated in a recital in the summary judgment. *See id.* at 259-60. While a silent record on appeal supports the presumption that the trial court did not grant leave, appellate courts should also examine whether the record affirmatively indicates the untimely response was accepted or considered. *Id.* at 260.

Based on the Final Judgment's discussion and analysis of Bustamante's Response as well as the trial court's statements in the judgment that the trial court "waited until the last possible moment – beyond what the Rules of Civil Procedure provide – to rule on the four Motions in order to give Plaintiff the opportunity to file a response or amend or supplement an existing response to any of the Motions at issue (or, alternatively, set the request for continuance for hearing)[]" and that the

judgment was "[b]ased on the Motions and Responses currently on file," we conclude that the record affirmatively indicates that Bustamante's untimely Response was considered and reviewed by the trial court. *See id.*

That said, as to the ServiceMaster Motion for Partial Summary Judgment as to all claims that had a two-year statute of limitations, Bustamante did not file any response. Accordingly, the trial court correctly dismissed those claims which includes the DTPA claim. With respect to the trial court's grant of the Defendants' other no-evidence motions for summary judgment, based on the record before us, we also agree with the trial court that Bustamante failed to meet her burden to present probative evidence raising a genuine issue of material fact as to each element of her causes of action. *See Mack Trucks, Inc.*, 206 S.W.3d at 582. As we discussed earlier, Bustamante's Response included only the following:

> Plaintiff incorporates for reference as if fully set forth herein Plaintiff's Motion for Partial Summary Judgment on DTPA Liability Against Moak Developments LLC and ServiceMaster Residential / Commercial Services LP [], which sets forth the evidence of each element of Plaintiff['s] claims.

While we agree that a party may adopt by reference certain arguments or evidence from other filed motions under Texas Rule of Civil Procedure 58, as explained below we conclude that Bustamante's incorporation by reference of her Motion for Partial Summary Judgment on the DTPA into her Response to the Defendants' no-evidence motion for summary judgment was insufficient because

15

her Motion for Partial Summary Judgment failed to meet her burden to respond to each of the contested elements raised in the Defendants' no-evidence motion for summary judgment.

It is well settled that merely citing generally to voluminous summary judgment evidence in response to a motion for summary judgment is not sufficient to raise a fact issue to defeat a summary judgment motion that adequately challenges the claims. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *see also Rogers*, 772 S.W.2d at 81 ("[A] general reference to a voluminous record which does not direct the trial court and parties to the evidence on which the movant relies is insufficient."); *Costanzo v. Tex. Advantage Cmty. Bank N.A.*, No. 09-21-00345-CV, 2022 Tex. App. LEXIS 7249, at *8 (Tex. App.—Beaumont Sept. 29, 2022, no pet.) (mem. op.) ("When a summary judgment respondent fails to direct the trial court to specific summary judgment evidence, and merely says a fact issue exists and attaches voluminous exhibits, a fact issue cannot be raised that is sufficient to defeat an adequate summary judgment motion."); *Gillham v. Sanchez*, No. 05-17-01449-CV, 2019 Tex. App. LEXIS 3827, at **15-16 (Tex. App.—Dallas May 13, 2019, pet. denied) (mem. op.) (determining that plaintiff's response, which did not inform the trial court of what evidence related to each of the elements challenged by defendant's motion for summary judgment, was insufficient to raise genuine issues of material fact and the trial court was not required to sift through plaintiff's

16

voluminous evidence to determine whether any of it raised a fact question on challenged elements); *Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied) ("Merely citing generally to voluminous summary judgment evidence in response to either a no-evidence or traditional motion for summary judgment is not sufficient to raise an issue of fact to defeat summary judgment."); *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238-39 (Tex. App.—San Antonio 2006, no pet.) ("[a]ttaching entire documents and depositions to a motion for summary judgment or to a response and referencing them only generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the motion or response are raised").

Bustamante attached twenty-two exhibits, including two voluminous deposition transcripts, to her motion for partial summary judgment on the DTPA claim and then she merely incorporated her entire motion for partial summary judgment into her Response to the Defendants' no-evidence motions for summary judgment. Appellant argues her motion for partial summary judgment only included sixty-eight pages, but the depositions that she attached to her motion are each over one hundred pages. That said, the total number of pages that a trial court must sift through to find a disputed fact issue is not the issue. Rather, "[t]he issue is whether the trial court must search through all of the non-movant's evidence to determine if a fact issue exists without any guidance concerning what evidence creates an issue

on a particular element." *Burns v. Canales*, No. 14-04-00786-CV, 2006 Tex. App. LEXIS 1551, at **16-17 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (mem. op.) (citations omitted). Under the Rules of Civil Procedure, the party seeking to avoid the effects of a well-pleaded no-evidence motion for summary judgment bears the burden to file a written response that raises issues preventing summary judgment, and that points to evidence supporting those issues. A trial court is not required to consider summary judgment proof to which the party does not specifically direct the court's attention. *Comm'n for Law. Discipline v. Powell*, 689 S.W.3d 620, 630 (Tex. App.—Dallas 2024, no pet.). A trial court is not required to assume the role of advocate and supply the arguments for the non-movant. *See id.* (citing *Burns*, 2006 Tex. App. LEXIS 1551, at *11).

This Court discussed similar problems in *Costanzo*. *See* 2022 Tex. App. LEXIS 7249, at **8-10. In *Costanzo*, the plaintiff non-movant did not specifically identify any fact issues in her summary judgment response, nor did she specify how any fact issues were raised in her supporting exhibits. *Id.* at *8. Her response to the summary judgment merely stated:

> [] Non-Movant claims a genuine issue of material fact exits as to Movant's claims and submits affidavits, discovery, documentary evidence and Movant's pleadings, as summary judgment evidence, referenced in an appendix attached hereto, filed with this response and incorporated by such reference for all purposes as if recited verbatim herein.

18

*Id.* Costanzo's response included an appendix that listed eighteen documents, totaling more than 500 pages, and in her response, she did not cite to any specific pages in her attachments. *Id.* at \*\*8-9. This Court cited *McConnell* and *Rogers* in explaining that a general reference to a voluminous record which does not direct the trial court and parties to evidence on which a non-movant relies is insufficient to defeat a motion for summary judgment adequately challenging the claims. *Id.* at \*9 (citing *McConnell*, 858 S.W.2d at 341; *Rogers*, 772 S.W.2d at 81).

Bustamante's Response did not direct the trial court to any specific portion of the evidence she attached to her motion for partial summary judgment, she failed to give the trial court any guidance concerning what evidence creates an issue on any particular element of her claims, and she failed to discuss or articulate a genuine issue of a material fact sufficient to defeat Defendants' No-Evidence Motion for Summary Judgment.[8] *See McConnell*, 858 S.W.2d at 341; *Rogers*, 772 S.W.2d at

---

[8] Bustamante included two footnotes in her argument in the response to the no-evidence motion for summary judgment as follows:

> [1]*See* Plaintiffs' MPSJ DTPA Liability Moak and SM LP at Exhibit 3 p.7 ("Q" And so as the senior director of training –and I'm just going to call both entities together ServiceMaster for now. If you need to distinguish between, if there's a difference in your or if any question needs to be distinguished, just let me know okay? **A:** Okay.").
> [2] *See* Id. at p.6-7.

That said, neither of footnote addresses any specific element of any of Bustamante's claims nor did Bustamante explain how this "evidence" created a fact issue on the contested elements of her claims.

81; *Costanzo*, 2022 Tex. App. LEXIS 7249, at **8-10; *see also Powell*, 689 S.W.3d at 630; *Gillham*, 2019 Tex. App. LEXIS 3827, at **15-16; *Burns*, 2006 Tex. App. LEXIS 1551, at *12; *Arredondo*, 198 S.W.3d at 238. On its face, Bustamante's motion for partial summary judgment only applied to her DTPA claim and it did not have any discussion about any of her other alleged claims. As to her DTPA claim against Moak, Bustamante failed to make any arguments tying any of the evidence she attached to her motion for partial summary judgment to any of the elements challenged by the Defendants.[9] *See McConnell*, 858 S.W.2d at 341 ("[I]ssues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence."); *Burns*, 2006 Tex. App. LEXIS 1551, at **15-16 (non-movant's written response to no-evidence motion for summary judgment fell short of the minimum requirements because it contained no argument and cited to neither evidence nor authority) (citing *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207-08

---

[9] To recover under the DTPA with respect to the alleged violations asserted by Bustamante, she had to prove the following elements (1) consumer status; (2) that each Defendant can be sued under the DTPA; (3) that each Defendant committed a false, misleading, or deceptive act or practice that was relied upon by Bustamante to her detriment; and, (4) that the Defendants' false, misleading, or deceptive act or practice was a producing cause of Bustamante's damages. *See* Tex. Bus. & Com. Code Ann. §§ 17.41-.63; *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).

(Tex. 2002)). For example, Bustamante's Motion for Partial Summary Judgment fails to address the Defendants' arguments that she should not be allowed to complain about post-loss publication items, that neither of the Defendants ever made any representations to Bustamante that they were doing mold testing or a mold remediation for Bustamante, that the agreement signed by the parties expressly only applied to water damage, and that Bustamante did not provide more than a scintilla of evidence of consumer status, nor of any misrepresentation that was both relied upon and a producing cause of any damage.

Accordingly, we conclude the trial court did not err in rendering summary judgment in favor of the Defendants on all of Bustamante's claims. We need not address the trial court's granting of the other summary judgments granted in the Final Judgment and challenged by Bustamante in her second issue. *See* Tex. R. App. P. 47.1. We overrule issue two.

<u>Denial of Motion for Reconsideration</u>

In her third issue, Bustamante argues the trial court abused its discretion when it denied Bustamante's Motion for Reconsideration. According to Bustamante, her counsel's "calendaring error and confusion" with the multiple summary judgment motions "led to a failure to file a response" to the motion for summary judgment on statute of limitations, and she contends that the trial court should have reversed its grant of the motion because Bustamante's motion for reconsideration established

21

that the motion "should have been denied under the Relation Back and Fraudulent Concealment doctrines." She also argues that the trial court abused its discretion in granting the other three summary judgment motions because "the decision directly contradicted well established guiding rules and principles."

After the trial court grants a summary judgment motion, the trial court generally has no obligation to consider further motions on the issues adjudicated by the summary judgment. *Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 125 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "We review a trial court's denial of a motion for reconsideration for an abuse of discretion." *Gulf Coast Pros, LLC v. Sweeney*, No. 09-23-00320-CV, 2024 Tex. App. LEXIS 4290, at *40 (Tex. App.—Beaumont June 20, 2024, no pet.) (mem. op.) (citing *MRT, Inc. v. Vounckx*, 299 S.W.3d 500, 511-12 (Tex. App.—Dallas 2009, no pet.); *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). An abuse of discretion will not be found if the movant cites no additional evidence "beyond that available to him" when the first summary judgment was granted. *See Macy*, 294 S.W.3d at 651; *Kelly v. Gaines*, 181 S.W.3d 394, 416 (Tex. App.—Waco 2005), *rev'd on other grounds*, 235 S.W.3d 179 (Tex. 2007).

Because we have already determined that Appellees were entitled to summary judgment on no-evidence grounds, we only address Bustamante's third issue to the extent that it challenges the trial court's denial of her Motion for Reconsideration as to the summary judgment on no-evidence grounds. *See* Tex. R. App. P. 47.1. Bustamante argues that the trial court erred because it "took exception" to her "alleged failure to provide more specificity in her initial response" to the Defendants' Motion for No-Evidence Summary Judgment and her Motion for Reconsideration. Bustamante argues she explicitly referenced every exhibit and specific sections of her Motion for Partial Summary Judgment that she also claims supported each element of her claims and that should have been considered as part of her Response to Defendants' Motion for No-Evidence Summary Judgment.

As we previously stated, the trial court had no obligation to search the record for evidence or to act as an advocate for Bustamante. *See Powell*, 689 S.W.3d at 630; *Burns*, 2006 Tex. App. LEXIS 1551, at **11-12. We cannot say the trial court abused its discretion in denying the Motion for Reconsideration. The evidence Bustamante cites in her Motion for Reconsideration was clearly available to her at the time she filed her Response to the motion for summary judgment and when the Defendants' Motion for No-Evidence Summary Judgment was granted. *See Macy*, 294 S.W.3d at 651. We overrule Bustamante's third issue. We affirm the trial court's judgment.

23

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on September 25, 2024
Opinion Delivered January 23, 2025

Before Johnson, Wright and Chambers, JJ.